STATE OF RHODE ISLAND                      SUPERIOR COURT
PROVIDENCE, SC.

| | | |
|---|---|---|
| STAY AWAY FROM THE CANS, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. PC-2019-5993 |
| | : | |
| TOWN OF JOHNSTON and JOSEPH | : | |
| CHIODO, in his Official Capacity as | : | |
| Finance Director for the Town of | : | |
| Johnston, | : | |
| Defendants. | : | |

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff Stay Away From the Cans, LLC ("Stay Away") brings this action for violations of its rights under the United States Constitution, as well as for damages and declaratory and injunctive relief against the Town of Johnston ("Town"), all resulting from the Town's unlawful citation and prosecution of Stay Away for alleged violations of a building regulation that the Town had no authority to adopt as a building code, and over which the Town's Municipal Court has no subject matter jurisdiction.

### Parties

1.      Stay Away is a California limited liability company authorized to do business in Rhode Island.

2.      The Town of Johnston is a municipality of the State of Rhode Island.

3.      Joseph Chiodo is, on information and belief, a resident of the Town, and is sued in his official capacity as the Town's Finance Director.

### Jurisdiction and Venue

4.      The Court has jurisdiction under R.I. Gen. Laws § 8-2-13 and § 9-30-1.

5.      Venue in this Court is proper under R.I. Gen. Laws § 9-4-3.

## Facts

6.      Stay Away is the owner of a 62-unit, federally-subsidized residential apartment complex located at 20 Park Street, Johnston, Rhode Island, known as the Park Plaza ("the Property").

7.      Stay Away purchased the Property in October, 2017 from Johnston Equities Associates ("JEA"), a Rhode Island limited partnership.

8.      At the time of the purchase, there was no outward indication of water infiltration or mold problems at the Property.

9.      On information and belief, JEA knew, but did not disclose to Stay Away, that the Property was beset with latent water infiltration and mold issues, because the Property had been flooded several years before, and because the roof and exterior shell of the Property were defectively constructed so as to allow for the infiltration of water.

10.     After Stay Away purchased the Property, it became aware of the tenants' complaints about mold and water infiltration issues.

11.     In June 2018, the Town of Johnston Building Official issued a citation to Stay Away for violation of the Rhode Island Property Maintenance Code ("RIPMC") (**Exhibit 1**).  Specifically, Stay Away was cited for violation of sections 304.13 (openable windows), 304.7 (exterior structure), and 305.3 (interior surfaces).[1]

---

[1] To avoid confusion, Stay Away notes that, while the Building Official asserted violations of sections 304.13, 305.3, and 304.7, subsequent orders issued by the JMC claimed that Stay Away was accused of violating sections 304.13 and 305.3 (as asserted in the Building Official's citation), but also erroneously listed section "304" – rather than section 304.7 as the Building Official clamed.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 3 of 121 PageID #: 5

12.     The Town of Johnston filed a proceeding ("JMC Action") in the Johnston Municipal Court ("JMC") to enforce Stay Away's compliance with the directive to correct the cited deficiencies.  A group of tenants intervened in the proceeding.

13.     Beginning in July 2018, the JMC issued a series of orders (**Exhibit 2**) requiring Stay Away to hire engineers, contractors, and mold remediation experts, to perform extensive mold testing and structural inspections on all units in the Property, to perform extensive reconstruction and remediation, and to move the affected tenants to long-term hotel accommodations at Stay Away's expense (housing costs of approximately $35,000 per week), in some cases for a period of more than ten months. To date, Stay Away has expended in excess of $1.5 million on this remediation and relocation program, as ordered by the JMC.  The JMC also levied a series of fines against Stay Away, totaling $50,500.  Meanwhile, Stay Away had been unable to collect rent subsidies from HUD as a result of the tenant relocations ordered by the JMC, for a loss to date estimated at more than $200,000.  The fines and other relief levied against Stay Away by the JMC were the natural and foreseeable result of the Town citing Stay Away for the alleged violations of the RIPMC, and its enforcement of the RIPMC against Stay Away.

14.     As the remediation proceeded, Stay Away filed compliance certificates from the engineers and the mold testing company with the Town Building Official.

15.     On May 14, 2019, the Town Building Official certified that 29 of the 62 units in the Property were ready for occupancy.  Pursuant to prior JMC orders, Stay Away should have been relieved of the obligation to provide alternative housing for the

3

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1:22-CV-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 4 of 121 PageID #: 6

29 units in question.   The same should also have been true as and when the Town Building Official certified the balance of the units in the Property.

16.     Despite this, the tenants filed an Emergency Motion with the JMC, for hearing on May 15, 2019, seeking to hold Stay Away in contempt, and to continue the JMC's order that Stay Away provide alternative housing until (1) the Town issues certificates of compliance, and (2) the units in question have passed their mold testing, both of which had already happened as of May 15, 2019. (**Exhibit 3**)

17.     The tenants also asserted at that time that the units were in violation of the State Fire Code because they did not have hard-wired smoke detectors, and that Geisser Engineering had never inspected the construction work, as required.

18.     The JMC continued the matter to May 22.  In advance of that hearing, Stay Away submitted materials to the JMC establishing that the tenants' latest allegations were completely untrue – every unit has a hard-wired smoke detector, and Geisser certified that it did in fact inspect and approve the construction work as required.  Stay Away reiterated its request that it be relieved of the obligation to continue paying for hotel accommodations for those tenants whose units had been certified by the Town as ready for occupancy (**Exhibit 4**).

19.     After a conference among counsel and a hearing with the JMC, the JMC ruled that Stay Away would be relieved of its hotel obligation for the 29 certified units, provided that Stay Away obtained a written indication from HUD that no formal certificates of occupancy were required beyond the letter already issued by the Town Building Official (**Exhibit 5**).  That was the only condition stated in the JMC's order.

4

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 5 of 121 PageID #: 7

20.     At the May 22 hearing, tenants' counsel asserted that the tenants required new personal property (including beds and bedding) as a condition of returning to their units. The JMC did <u>not</u> include this requirement in its order.

21.     On May 23, 2019, Stay Away provided an email from HUD to the effect that no further certificates of occupancy were required. That email went on to note that: "HUD is extremely concerned about further delays in the re-occupancy of the development. As you know, a sustained lack of rental income and the cessation of routine maintenance will eventually contribute to the wasting of an affordable housing asset like Park Plaza. We need to get the residents back home. I don't know how to say it more clearly." (**Exhibit 6**).

22.     Incredibly, on May 24, despite this clear compliance with the JMC's order, the tenants filed <u>another</u> Emergency Motion, moving the goalposts yet again. They asked the JMC to stay indefinitely that portion of its May 22 order that permitted Stay Away to stop paying for hotel rooms as of May 25, 2019 " . . . until such time that the completed units are furnished with acceptable bedding" (**Exhibit 7**). Stay Away objected since this tenant request was already brought up at the May 22 hearing and was specifically not included in the JMC's May 22 Order (**Exhibit 8**).

23.     That same day, without any hearing, argument, or conference, the JMC issued a stay of its prior order, and directed Stay Away to continue to pay for hotel rooms until Wednesday, May 29, at which time the JMC would hold a further hearing, now fifteen days after the Town Building Official certified that the units were ready for occupancy (JMC's May 24 Order) (**Exhibit 9**).

24.     Stay Away asserts that the JMC's May 24 Order, and, indeed, underlineevery order issued by the JMC in this proceeding – all of which were issued as a direct and proximate result of the Town instituting the JMC Action – is null and void, since the JMC does not have, and has never had, jurisdiction over this dispute.

25.     As noted above, and as set forth as a "Finding of Fact" in the JMC's orders (**Exhibit 2**), the citation issued to Stay Away by the Town Building Official was for violation of the RIPMC.  Stay Away was not, and has not been, cited for any violation of any Town of Johnston ordinance.

26.     Section 111.4 of the RIPMC vests the underlineDistrict Court with jurisdiction to "restrain, prevent, enjoin, abate or correct a violation", with appellate review to the Supreme Court (**Exhibit 10**).  The Code has underlineno provision for enforcement proceedings in a municipal court.

27.     The Rhode Island Minimum Housing statute, (R.I. Gen. Laws § 45-24.2-1 *et seq.* (**Exhibit 11**) permits cities and towns to adopt ordinances relating to minimum standards.

28.     The Town of Johnston has enacted such an ordinance, Chapter 261, Article II. (**Exhibit 12**).

29.     The Rhode Island Minimum Housing statute also allows cities and towns to establish offices and officers to "enforce and administer" its provisions (R.I. Gen. Laws § 45-24.2-4) (**Exhibit 11**).

30.     However, the Johnston ordinance says nothing about empowering the JMC to enforce its provisions (**Exhibit 12**).

6

31.     Thus, the general rule under the terms of the Rhode Island Minimum

Housing statute applies, which, like the RIPMC itself, vests enforcement jurisdiction in

the <u>District Court</u>. (R.I. Gen. Laws § 45-24.2-6) (**Exhibit 11**).

32.     The only recognized exceptions to this rule allow for the exercise of

jurisdiction by the Providence housing court and lead court, and the North Providence

municipal court. (R.I. Gen. Laws § 45-24.2-7) (**Exhibit 11**).

33.     There is no analogous exception that empowers the JMC to exercise

jurisdiction in this area.

34.     Nor can the Town assert that its charter operates to divest the District

Court of jurisdiction in minimum housing matters.  Although Article 1, Section 1-3 of

the Johnston charter allows the Town to enact ordinances and make them enforceable

by the imposition of fines and penalties (**Exhibit 13**), Section 11 of the Thirteenth

Amendment to the Rhode Island Constitution, concerning home rule charters, provides

that: "The judicial powers of the State shall not be diminished by the provisions of this

article" (**Exhibit 14**).

35.     The only other state statute which speaks to the jurisdiction of the JMC is

the 1964 enabling legislation that created the Johnston Police (now "Municipal") Court

(Chapter 120, January Session, 1964) (**Exhibit 15**).

36.     Section 11 of that law, entitled "Jurisdiction", vests the JMC with original

jurisdiction "of all offenses against the ordinances, by-laws, rules and regulations of the

freemen of Johnston," provided that the fine or penalty in question does not exceed

$200.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 8 of 121 PageID #: 10

37.     As noted above, not only has Stay Away <u>not</u> been charged with any violation of a Johnston ordinance, it has been repeatedly subjected to fines, penalties, and orders totaling hundreds of thousands of dollars, far in excess of this jurisdictional limit.

38.     Finally, even if this Court were to <u>assume</u> that the JMC did have jurisdiction, it plainly had no basis to continue to penalize Stay Away (by ordering it to continue to pay for alternative housing) for the twenty-nine units that had already been certified as ready for re-occupancy by the Town's Building Official, since those units were no longer in violation.  The same held true for the balance of the units, once the Town's Building Official certified them as being in compliance.

39.     Stay Away has satisfied the requirements of R.I. Gen. Laws § 45-15-5.

## Count I
## 42 U.S.C. § 1983 – Substantive Due Process

40.     Stay Away repeats the allegations in paragraphs 1 - 39.

41.     At all relevant times, the Town was acting under the color of state law.

42.     The above-cited provisions of the RIPMC, the Rhode Island Minimum Housing statute, and the Town ordinances are all clearly established law.  Those authorities clearly establish that the Town has no authority to adopt or enforce the RIPMC, and that the JMC has no jurisdiction over violations of the RIPMC.

43.     Despite this, the Town illegally adopted the RIPMC as a purported Town ordinance.  The Town then adopted as a Town policy and custom that, among other things, the Town, through its building official, would issue notices of violation to

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

persons allegedly in violation of the RIPMC, and the Town would bring legal proceedings in the JMC against those alleged to have violated the RIPMC. In this case, as a direct and proximate result of the Town's policy and custom, the Town, acting under color of state law, deliberately and intentionally cited Stay Away for alleged violations of the RIPMC, and deliberately and intentionally instituted an action against Stay Away in the JMC for those alleged violations. In doing so, it was clearly foreseeable to the Town that, by unlawfully citing and filing the JMC action against Stay Away for allegedly violating the RIPMC, the JMC would issue orders and impose obligations on Stay Away that would cause substantial harm and damages to Stay Away.

44.    The Town's actions and failures to act were a substantial factor in wrongly depriving Stay Away of its rights, privileges, and immunities secured by the Constitution and laws of the United States, including its right to be free from arbitrary action by the Town.

45.    As a direct and proximate result of the Town's actions and omissions, Stay Away was deprived of its right not to be subject to arbitrary action by the Town, including being cited by the Town for violating a regulation – the RIPMC – which the Town had no authority to adopt or enforce, and having an action in the JMC brought by the Town seeking to enforce that regulation and further seeking to impose fines and other obligations and expenses on Stay Away when the Town and the JMC had no jurisdiction over the regulation.

46.    At all relevant times, the Town acted intentionally and with deliberate

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 10 of 121 PageID #: 12

indifference to the risk that Stay Away would be subjected to an improper JMC proceeding, and to the orders issued by the JMC at the Town's request which imposed unlawful fines, obligations, and expenses on Stay Away.

47.    The Town's conduct was wanton, willful, and malicious, arbitrary, and shocks the conscious.

48.    As a direct and proximate result of the Town's conduct, Stay Away was damaged.

**Count II**
**42 U.S.C. § 1983 – Substantive Due Process**

49.    Stay Away repeats the allegations in paragraphs 1 - 48.

50.    At all relevant times, the Town, acting through the JMC, was acting under the color of state law.

51.    The above-cited provisions of the RIPMC, the Rhode Island Minimum Housing statute, and the Town ordinances are all clearly established law.  Those authorities clearly establish that the Town has no authority to adopt or enforce the RIPMC, and that the JMC has no jurisdiction over violations of the RIPMC.

52.    Despite this, the JMC, acting under color of state law, deliberately and intentionally issued a series of orders against Stay Away for alleged violations of the RIPMC, and imposed fines and obligations on Stay Away that resulted in Stay Away incurring substantial damages.  In doing so, it was clearly foreseeable to the JMC that, by unlawfully issuing those orders against Stay Away, Stay Away would suffer damages.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 11 of 121 PageID #: 13

53.     The JMC at all times acted in the complete absence of subject matter jurisdiction over the JMC Action.

54.     The JMC's actions and failures to act were a substantial factor in wrongly depriving Stay Away of its rights, privileges, and immunities secured by the Constitution and laws of the United States, including its right to be free from arbitrary action by the JMC.

55.     As a direct and proximate result of the JMC's actions and omissions, Stay Away was deprived of its right not to be subject to the arbitrary actions taken against Stay Away by the JMC.

56.     At all relevant times, the JMC acted intentionally and with deliberate indifference to the risk that Stay Away would be subjected to orders, fines, and obligations that would cause substantial damages to Stay Away.

57.     The JMC's conduct was wanton, willful, and malicious, arbitrary, and shocks the conscious.

58.     As a direct and proximate result of the JMC's conduct, Stay Away was damaged.

### Count III
### Injunctive Relief

59.     Stay Away repeats the allegations in paragraphs 1 – 58.

60.     Stay Away will suffer substantial damages as a result of the JMC issuing orders improperly imposing obligations and expenses on Cans.

61.     Stay Away will suffer immediate and irreparable harm if the May 24

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 12 of 121 PageID #: 14

Order and the other orders issued by the JMC in the JMC Action are allowed to stand, and has no adequate remedy at law.

62.     The balance of equities and public interest favors the issuance of an injunction to temporarily, preliminarily and permanently enjoin the JMC from enforcing its May 24 Order and other orders, as the JMC acted unlawfully and in the clear absence of subject matter jurisdiction when it entered those orders.

63.     Stay Away is entitled to a preliminary and permanent injunction that enjoins the JMC from enforcing its May 24 Order and other orders issued in the JMC Action.

## Count IV
## Declaratory Judgment

64.     Stay Away repeats the allegations in paragraphs 1 - 63.

65.     There exists an actual controversy between Stay Away and the Town regarding the validity and effect of the May 24 Order, which has resulted in uncertainty regarding the parties' respective rights and obligations under the May 24 Order.

66.     Under the circumstances, a declaration is necessary and appropriate as to the validity of the JMC's May 24 Order and the parties' respective rights and obligations.

## Count V
## Damages

67.     Stay Away repeats the allegations in paragraphs 1 - 66.

68.     As a direct and proximate result of the Town's conduct alleged above,

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 13 of 121 PageID #: 15

Stay Away has suffered damages, including, without limitation, attorney fees (in the JMC proceeding and in this proceeding), fines, housing costs, construction expenses, and other losses and harm that Stay Away would not have suffered but for the Town's conduct, and that are a direct, foreseeable, and proximate cause of the Town's conduct.

WHEREFORE, Stay Away requests that this Court:

A.      Permanently enjoin the JMC from enforcing its May 24 Order and other orders issued in the JMC Action;

B.      Declare that the JMC lacked subject matter jurisdiction in the matter of *Town of Johnston v. Stay Away From the Cans, LLC*;

C.      Declare that every order entered by the JMC in the matter of *Town of Johnston v. Stay Away From the Cans, LLC* is null and void and of no effect as to Stay Away;

D.      Declare that Stay Away has no further obligation to provide or pay for hotel accommodations for any Park Plaza tenants whose units have been certified by the Town Building Official as ready for occupancy, now and in the future;

E.      Award Stay Away all of its damages suffered as a direct and proximate result of the Town's conduct;

F.      Award Stay Away its reasonable attorney fees incurred in this action pursuant to 42 U.S.C. § 1988, as well as its costs; and

G.      Award Stay Away such other relief as the Court deems just, appropriate, and equitable.

STAY AWAY FROM THE CANS, LLC
By its Attorneys,

/s/ Robert Clark Corrente
Robert Clark Corrente (#2632)
Christopher N. Dawson (#8508)
Whelan Corrente & Flanders LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel. (401) 270-4500
Fax (401) 270-3760
rcorrente@whelancorrente.com
cdawson@whelancorrente.com

Dated:  January 20, 2022

## CERTIFICATION

I certify that, on the 20th day of January, 2022, I filed and served this document through the electronic filing system on the following:

| | |
|---|---|
| William J. Conley, Esq. | Michael DeSisto, Esq. |
| Law Offices of William J. Conley, Jr. | Kathleen Daniels, Esq. |
| 123 Dyer Street – Unit 2B | DeSisto Law |
| Providence, RI 02903 | 60 Ship Street |
| wconley@wjclaw.com | Providence, RI 02903 |
| | michael@desistolaw.com |
| | kathleen@desistolaw.com |

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Robert Clark Corrente

00063040-3.DOCX

14

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

2-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 15 of 121 PageID
#: 17

## VERIFICATION

I, Patrick Luke, having been duly sworn, declare (1) that I am a Member of BLVD Capital, LLC, which is a Member of Stay Away From The Cans, LLC, (2) that I have personal knowledge of the facts set forth in this Second Amended Verified Complaint unless otherwise noted, and (3) that those facts are true and correct to the best of my knowledge, information, and belief.

_____
PATRICK LUKE

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.**

STATE OF CALIFORNIA

COUNTY OF ___ORANGE_____ ____

On November 17, 2021, before me, ___NICOLAS LOVRIC___, NOTARY PUBLIC___ personally appeared PATRICK LUKE, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the law of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Notary Public Signature                                Notary Public Seal

NICOLAS LOVRIC
COMM. #2373036
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Sept. 25, 2025
XSC1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 16 of 121 PageID
#: 18

# EXHIBIT 1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 17 of 121 PageID #: 19

# DEPARTMENT OF PUBLIC WORKS

ARNOLD VECCHIONE
Director



BEN NASCENZI, Deputy Director, C.B.O./Z.O.
PETER DELPONTE, Code Enforcement
PHILIP MANCINI, P.E. Town Engineer

## JOSEPH M. POLISENA
### Mayor

June 7, 2018

Stay Away From The Cans LLC
c/o BLVD Capital
215 S. Lacienega BLVD # 203
Beverly Hills, CA 90211

# VIOLATION NOTICE

| | |
|---|---|
| Address of Violation: | **20 Park Street apt 108** |
| | **Johnston, Rhode Island** |
| Inspection Date: | **June 5, 2018** |

| | | | | | |
|---|---|---|---|---|---|
| Assessor's Plat #: | 6 | Lot #: | 35 | Zoning Classification: | R15 |

Ordinance:  304.13ripmc, 305.3ripmc     Section:

304.7ripmc

After a site inspection at the above location, it was noted that you are in violation of the above ordinance. The purpose of this ordinance is to promote the public health, safety, and morals and for the purpose of making any structure safe, sanitary, and fit for human habitation, and to prevent blighted substandard conditions.

304.13ripmc     Windows, skylight and door frames.
Every window shall be maintained in sound condition, good repair and weather tight.
Rain water leaking from window must be corrected.
304.7ripmc Roofs and drainage
The roof and flashing shall be sound, tight and not have defects that admit rain.
Roof leak must be corrected.
305.3ripmc     Interior surfaces.
All Interior surfaces shall be maintained in good, clean and sanitary condition.
Ceiling must be repaired.
Hole in ceiling must be temporally covered at once. Permits must be obtained for all work performed.
Insulation must be replaced and mold test performed.

You have 14 days for compliance. Additional time may be granted by the Building Official at his discretion.

Peter A. DelPonte
*Ordinance Enforcement Officer*
Cc:  20 Park St, Johnston, RI 02919

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 18 of 121 PageID #: 20

# EXHIBIT 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 19 of 121 PageID #: 21

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :
                                   :
        V.                         :        C.A. NO.: 18107111820
                                   :
STAY AWAY FROM THE CANS, LLC       :

## ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 18ᵗʰ day of July, 2018, on Plaintiff's citation of Defendant for violation of Rhode Island Property Maintenance code, it is hereby:

## FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. 20 Park street is a 62 unit federally subsidized apartment complex.
3. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.    304.13 (Openable windows)
   b.    304    (exterior structure)
   c.    305.3  (interior surfaces)
4. Defendant was represented in Court by representatives of its Property management company, Preservation Management, Inc.
5. Defendant's property management company, Preservation Management, Inc acknowledged that new Owners bought the subject property in October 2017.
6. Preservation Management, Inc also acknowledged that they have recently hired a company to fix portions of the roof and evaluate the rest for leaks.
7. Preservation Management, Inc acknowledged that they are aware that four of the units have mold in them.
8. Preservation Management, Inc acknowledged they have relocated two tenants putting one up in a hotel and moving the other to a different unit.
9. Preservation Management, Inc plans to remediate the mold forthwith and cooperate with the Town officials.
10. Tenants proffered testimony to the Town as to conditions at 20 Park street:
    a.   That all units on the first floor were severely flooded three years ago and no sheetrock changed
    b.   The roof of the building has 5 layers of shingles
    c.   Water from the dumpster is pumped into wild life refuge
    d.   Many of the children who reside in the building have asthma
    e.   Radon is not properly released
11. The issues presented to the Court are prima facie health, safety, and welfare issues.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Defendant shall test for mold in Unit 120 within 7 days.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454884
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 20 of 121 PageID #: 22

3. Defendant shall remove all mold in Units 108, 140, and 203 forthwith.
4. Defendant shall remediate and remove mold forthwith if Unit 120 tests positive for mold
5. Defendant is ordered to pay a fine of $ 50.00 per violation per unit per day ($450.00 per day) each and every day until the mold is removed from the apartments listed in Paragraph 2-4 above and pass Town inspection.
6. Defendant is ordered to pay Court costs for prosecution of this matter and a lien release fee in the amount of $98.00.
**7. Defendant shall also allow an inspection of the outside of the structure by Town officials on Monday July 23rd 2018 at 9:00am.**
**8. Defendant shall also allow an inspection of all the 62 units by Town officials on a date to be determined.**
9. This matter shall be heard on review of status on August 1, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.
10. Payment of any fines or costs associated with this matter shall be directly to the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.
11. This Court retains jurisdiction to remove any liens resulting from this Citation.

ENTERED as an Order of this Honorable Court on this 19th day of July, 2018.


PER ORDER:                                    ENTERED:


Judge Michael L. (Chev)                       Richard J. Oliverio Jr.
Justice                                       Clerk


## NOTICE

This matter shall be heard on review of status on August 1, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.


## CERTIFICATION

I hereby certify that I mailed a true and accurate copy of the within order to the:
a. Owner at 215 South Lacienega Blvd #203 c/o Blvd Capital Beverly Hills California 90209,
b. Property Management Company Preservation Management, Inc. c/o Michelle Empey Regional Manger 261 Gorham Road South Portland ME 04106 and emailed to her at michelle.empey@presmgmt.com and **had the Johnston Police hand deliver a copy to the management office on site at 20 Park Street in Johnston, RI** on the 19th day of July 2018.

2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 21 of 121 PageID #: 23

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

| | | |
|---|---|---|
| TOWN OF JOHNSTON | : | |
| | : | |
| V. | : | C.A. NO.: 18107111820 |
| | : | |
| STAY AWAY FROM THE CANS, LLC | : | |

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 1st day of August, 2018, on Plaintiff's citation of Defendant for violation of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. 20 Park Street is a 62 unit federally subsidized apartment complex.
3. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.    304.13 (Openable windows)
   b.    304      (exterior structure)
   c.    305.3   (interior surfaces)
4. Defendant was represented in Court by a representative of its Property management company, Preservation Management, Inc, specifically Michelle Empey, Regional Mgr.
5. Preservation Management, Inc acknowledged that new Owners bought the subject property in October 2017.
6. Tenants proffered testimony to the Town as to conditions at 20 Park street:
   a. That all units on the first floor were severely flooded three years ago and no sheetrock changed
   b. The roof of the building has 5 layers of shingles
   c. Water from the dumpster is pumped into wild life refuge
   d. Many of the children who reside in the building have asthma
   e. Radon is not properly released
   f. That sand comes up in the toilet and tubs on some of the units.
   g. That they have concerns that there may be soil contamination on the property.
   h. That there are broken sewer pipes on the property.
7. The issues presented to the Court are prima facie health, safety, and welfare issues.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Defendant shall test for mold in all first floor units and Units 109 and 151 on second floor within 7 days.
3. Defendant shall hire a structural engineer and provide a report to the Town regarding the status of the roofs on all the buildings.
4. Defendant shall repair retaining wall in the parking lot.
5. Defendant shall repair the drain in the parking lot.

1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 22 of 121 PageID #: 24

6.  Defendant shall repair all the roofs in all the buildings.
7.  Defendant shall have the soil tested on the property.
8.  Defendant shall repair the broken sewer pipes on the property below Unit 149.
9.  The per diem fine shall continue of $ 50.00 per violation per unit per day ($450.00 per day) each and every day until all the repairs on all the Court orders are completed and repairs pass Town inspection.
10. Defendant is ordered to pay Court costs for prosecution of this matter and a lien release fee in the amount of $98.00.
11. Defendant shall also allow an inspection of all the 62 units by Town officials on a date to be determined.
12. This matter shall be heard on review of status on August 8, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.
13. This matter shall be heard on review of status on August 22, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.
14. Payment of any fines or costs associated with this matter shall be directly to the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.
15. This Court retains jurisdiction to remove any liens resulting from this Citation.
16. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 3rd day of August, 2018.


PER ORDER:                                    ENTERED:


/s/ Michael DiChiro, Chief Justice            *Richard J. Baltiero Jr*
_____                _____
Justice                                       Clerk


## NOTICE

This matter shall be heard on review of status on August 8, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano
_____


## CERTIFICATION

I hereby certify that I emailed a true and accurate copy of the within order to the: Preservation Management, Inc. c/o Michelle Empey Regional Manger, at michelle.empey@presmgmt.com and mailed a copy to the onsite management office at 20 Park Street in Johnston, RI on the 3rd day of August 2018.

/s/ Joseph R. Ballirano
_____


2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 2:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 23 of 121 PageID #: 25

10/25/2018  15:13    4019467153    JMC    PAGE  08/09

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :

    V.                                  :            C.A. NO.: 18107111820

STAY AWAY FROM THE CANS, LLC        :

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 10th day of October, 2018, on Plaintiff's citation of Defendant for violations of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. 20 Park Street is a 62 unit federally subsidized apartment complex.
3. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
    a.    304.13 (Openable windows)
    b.    304    (exterior structure)
    c.    305.3  (interior surfaces)
4. Defendant was represented in Court by a representative of its Property management company, Preservation Management, Inc.
5. Preservation Management, Inc acknowledged that new Owners bought the subject property in October 2017.
6. The issues presented to the Court are prima facie health, safety, and welfare issues.
7. Defendant agreed in open Court on August 1, 2018 to provide the Town with executed contracts and sealed structural analysis from a Rhode Island engineer by review date on October 10, 2018.
8. Defendant comes to Court today with a draft proposed contract and am Engineer's report with no stamp.
9. Defendant has not followed though with promises made to the Town regarding providing a signed contract for repairs and a sealed engineer's report as to the structural soundness of the buildings.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Defendant is ordered to pay a fine of $24,500.00 in ten days. This fine constitutes $500.00 per day from August 1, 2018 to October 10, 2018, for Defendant's failure to provide the Town officials with the documents required in the previous Court order.
3. The subject property shall be inspected on October 23rd, 2018 before the next Court date.
4. This matter shall be reviewed on October 24, 2018 for compliance.

10/25/2018  15:13  4019467153  JMC  PAGE  09/09

5. All prior Orders of this Honorable Court not inconsistent with this Order shall remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 25th day of October, 2018.

PER ORDER:                                    ENTERED:

/s/ Michael DiChiro, Chief Justice

_____                       _____
Justice                                       Clerk

## NOTICE

This matter shall be heard on review of status on October 24, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano

## CERTIFICATION

I hereby certify that I emailed a true and accurate copy of the within order on the 25th day of October, 2018 to the following parties:

1. Michelle Empey Regional Manger, at michelle.empey@presmgmt.com
2. Steven Izzi, Esquire at sizzi@marlawri.com
3. Kevin Rolando, Esquire at krolando@gunninglafazia.com
4. Daniel Calabro, Esquire at calabrolaw@gmail.com
5. Art Coloian, Esquire at coloianlaw@gmail.com

/s/ Joseph R. Ballirano

2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 2:05 PM
Envelope: 3454384
Reviewer: Victoria H

07/25/2018   15:13   4019467153   JMC   PAGE   06/09

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :

    V.                             :            C.A. NO.: 18107111820

STAY AWAY FROM THE CANS, LLC        :

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 24th day of October, 2018, on Plaintiff's citation of Defendant for violations of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. 20 Park Street is a 62 unit federally subsidized apartment complex.
3. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.  304.13 (Openable windows)
   b.  304     (exterior structure)
   c.  305.3   (interior surfaces)
4. Defendant was represented in Court by Steven Izzi, Esquire and various representatives of its Property management company, Preservation Management, Inc.
5. Preservation Management, Inc had its own legal counsel present in Court today, Kevin Rolando, Esquire.
6. The displaced tenants from 20 Park street had legal counsel in Court present today, namely Daniel Calabro, Esquire and Artin Coloian, Esquire.
7. The issues presented to the Court are prima facie health, safety, and welfare issues.
8. Defendant agreed in open Court on October 10, 2018 to provide the Town with executed contracts and structural analysis of the buildings stamped by a Rhode Island engineer by review date on October 24, 2018.
9. Defendant comes to Court today with nothing.
10. Defendant has again not followed through with promises made to the Town regarding providing a signed contract for repairs and a structural analysis of the buildings stamped by a Rhode Island engineer.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Defendant is again ordered to provide the Building Official Edward Civito, an executed contract with a general contractor who shall serve as a primary contact for the Johnston officials and a structural analysis of the buildings stamped by a Rhode Island licensed engineer.

1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 3:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 26 of 121 PageID
#: 28

10/25/2018   15:13   4019467153   JMC   PAGE   07/09

3. Defendant has represented through its Property Management company that the roofs and exterior work needed on the subject property shall be completed per contractual obligation within three weeks. Defendant is ordered to maintain this schedule and have the roofs and exterior repairs to the subject property completed by November 13, 2018 and subject to the inspection that day.

4. Defendant is ordered to provide the Town's Building Inspector with a time table for the interior repairs and remediation needed for all the effected units by November 14, 2018.

5. Defendant is ordered to pay an additional fine of $7,000.00 for its complete disregard of the prior Order of this Honorable Court as reiterated today in Paragraph 2. This fine constitutes $500.00 per day from October 11, 2018, to today for Defendant's failure to provide the Town officials with the documents required in the previous Court order. This brings the total fine to $31,500.00 and it is due forthwith to the Town and payable to the Johnston Municipal Court.

6. This matter shall be reviewed on October 31, 2018 for compliance with payment of $31,500.00 fine. If Defendant pays the full fine timely by October 31, 2018 the open issue of previous fines from July 18 to August 22nd shall be closed and merged with this fine.

7. The subject property shall be inspected on November 13th, 2018 before the next Court date.

8. This matter shall be reviewed on November 14, 2018 for compliance with this order.

9. All prior Orders of this Honorable Court not inconsistent with this Order shall remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 25th day of October, 2018.

PER ORDER:                                          ENTERED:

/s/ Michael DiChiro, Chief Justice

_____                            _____
Chief Justice                                       Clerk

### NOTICE

This matter shall be heard on review of status on October 24, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano

### CERTIFICATION

I hereby certify that I emailed a true and accurate copy of the within order on the 25th day of October, 2018 to the following parties:

1. Michelle Empey Regional Manger, at michelle.empey@presmgm.com
2. Steven Izzi, Esquire at sizzi@marlawri.com
3. Kevin Rolando, Esquire at krolando@gunninglafazia.com
4. Daniel Calabro, Esquire at dcalabro@aol.com
5. Artin Coloian, Esquire at coloianlaw@gmail.com

/s/ Joseph R. Ballirano

2 of 2

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON          :

        V.                :        C.A. NO.: 18107111820

STAY AWAY FROM THE CANS, LLC  :

## ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 14th day of November, 2018, on Plaintiff's citation of Defendant for violation of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. 20 Park Street is a 62 unit federally subsidized apartment complex.
3. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.   304.13 (Openable windows)
   b.   304    (exterior structure)
   c.   305.3  (interior surfaces)
4. Defendant was represented in Court by Steven Izzi, Esquire and the Property Management company, Preservation Management, Inc, had its own individual counsel.
5. Stay Away from the Cans, LLC bought the subject property in October 2017.
6. Tenants appeared in Court again today and are now represented by counsel Daniel Calabro and Artin Coloian. Counsel for tenants made representations to the Court that conditions continue at 20 Park Street and they have made requests of the Owner's legal counsel to re-locate remaining Tenants.
7. Attorney Izzi made representations that the roof replacement turned out to be more work than originally anticipated as the prior roof had the wrong nails thus they needed a few more days to complete the roof replacement.
8. Defendant has still not provided Town officials with a signed and stamped engineers report as to the structural integrity of the subject structure.
9. Attorney Izzi made a representation that he thought he would have said engineer's report for Court today but will have it forthwith.
10. The issues presented to the Court are prima facie health, safety, and welfare issues.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Town officials and Chief Judge DiChiro shall meet at 20 Park street on Thursday November 15, 2018 at 1:00pm for a Court ordered "viewing" of the property to inspect conditions and help the Chief Justice better understand the conditions at the subject property.
3. Defendant shall be provided one last chance to provide the Building official with a signed and stamped structural analysis of the subject property by a Rhode Island

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 28 of 121 PageID #: 30

licensed engineer. Defendant shall be given until November 19, 2018 to provide the engineers report. If the report is not received by Monday November 19, 2018 at 12:00 pm the Town shall be authorized at Property owner's expense to hire an independent engineer to assist the Town with the evaluation of the subject property and report the findings. Defendant and its local agents on site are ordered to cooperate with any and all directives, instructions, or requests to access the subject property by Town officials or agents its hires to inspect or test the property.

4. Defendant shall be allowed three more days to complete the roof at 20 Park street. Failure to have roof completed by Monday November 19, 2018 at 12:00pm shall be cause to be held in contempt of Court.

5. Defendant is ordered to pay for independent mold inspections arranged by Town officials of every unit rented and common areas available for use by Tenants at the subject property.

6. This matter shall be heard on review of compliance with this Court order on Wednesday November 21, 2018 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

7. This Court retains jurisdiction to remove any liens resulting from this Citation.

8. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 15th day of November, 2018.

PER ORDER:                                   ENTERED:

/s/ Michael DiChiro, Chief Justice           _Richard J. Calabro Jr_
_____             _____
Chief Justice                                Clerk

## NOTICE

This matter shall be heard on review of status on November 21, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano
_____

## CERTIFICATION

I hereby certify that I emailed a true and accurate copy of the within order on the 15th day of November, 2018 to the following parties:

1. Kevin Rolando, Esq. on behalf of Preservation Management, Inc krolando@gunninglafazia.com
2. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@unarlawri.com
3. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
4. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wiclaw.com

/s/ Joseph R. Ballirano
_____

2 of 2

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :
                                    :
        V.                          :        C.A. NO.: 18107111820
                                    :
STAY AWAY FROM THE CANS, LLC        :

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 21st day of November, 2018, on Plaintiff's citation of Defendant for violation of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. RI Housing representatives were in Court today including legal counsel Armand Batastini, Esquire and explained they administer the program locally for HUD but do not have authority to inspect or mandate repairs if maintenance is needed at the property.
5. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
    a.    304.13  (Openable windows)
    b.    304     (exterior structure)
    c.    305.3   (interior surfaces)
6. Defendant, Stay the Cans, LLC, was represented in Court by Steven Izzi, Esquire.
7. Defendant, Robert Buchnam appeared in Court today from California.
8. RI Housing has informed the Town that the Property Management company will be changing to Young Management out of Kansas.
9. Tenants appeared in Court again today represented by counsel Daniel Calabro. Counsel for tenants made representations to the Court that conditions continue at 20 Park Street and they have made requests of the Owner's legal counsel to re-locate 10 to 15 remaining Tenants. These Tenants will be moved by agreement of the parties if their respective units test positive for active mold.
10. Attorney Izzi made representations that the roof needed much more extensive repair than anticipated. It had to be redesigned with gutters, and windows needed to be fixed also. It has caused the delay in the roof replacement but it is 60% complete and will be completed by December 7, 2018 or Defendant will be in contempt of Court.
11. Defendant has still not provided Town officials with a signed and stamped engineers report as to the structural integrity of the subject structure. The Owner Robert Buchnam has represented to the satisfaction of the Building Official that the engineers reports provided to the Town are from some of the best engineers in the Country regarding the building envelope issues. He is certain that he can hire a RI licensed architect or engineer to inspect the final repairs and approve them as built.
12. Defendant still was under Court order to provide a stamped engineers report by November 19, 2018 at 12:00pm. This report was not filed nor is it brought to Court today.
13. Defendant was under Court order to provide mold test reports regarding the 62 units. These reports have not been provided prior to or in Court today. Defendant avers that he has them and can provide them to Town officials today.
14. The issues presented to the Court are prima facie health, safety, and welfare issues.

### ORDERED, ADJUDGED, AND DECREED:

1 of 2

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.

2. Defendant is found in contempt of this Honorable Court for failure to provide a stamped structural analysis by a Rhode Island licensed engineer. He was ordered to do so in the October 24th order of this Court. He shall be fined $500.00 per day until today. The 28 day fine is $14,000.00. It shall be paid by December 7, 2018.

3. Because of the convincing evidence of the unforeseeable setbacks in the re-designing and repair of the roof, Defendant shall be allowed one last extension to completely finish the roof and shall be allowed until December 7, 2018 for this. The inspection of the roof shall be part of the as built review completed by a Rhode Island licensed engineer or architect upon completion. Failure to have roof completed by December 7 shall place Defendant in contempt of Court and subject him to another $14,000.00 fine.

4. Defendant was ordered to provide Town officials with completed mold tests and reports by prior Court order. Defendant has not provided same and is in contempt of Court. He shall be fined $500.00 per day until today. The 28 day fine is $14,000.00. Defendant is ordered to forward to Town officials the completed mold tests and reports in his possession by November 21, 2018 by 4:30pm. The reports shall be hand delivered to 100 Irons Avenue or emailed to Prosecutor and building official at justicebal@verizon.net and lfabrizio@johnston-ri.us respectively. If these mold reports are delivered on November 21, 2018 by 4:30pm the fine will be suspended. If not the fine is levied and the Town shall hire the mold experts forthwith to do the analysis and bill/lien the property for the cost.

5. Defendant shall have until December 19, 2018, to have a Rhode Island licensed engineer or architect provide an as built analysis of the structural analysis of the building to the satisfaction of the Building Official. This is the absolute last chance for the Owner to control his own destiny as to this issue. If an engineer or architect is not involved by December 19, 2018 the Town will hire the expert and bill/lien the property for the cost.

6. If there is active mold in any of the apartments with Tenants remaining in them the Defendant agrees to re-locate those Tenants forthwith to the extended living facility and bear all the costs associated with the result of their re-location until all mold is removed and re-tested verifying same.

7. The following units 104 110 115 118 121 129 131 132 133 135 136 137 138 140 152 shall be relocated forthwith because of health problems of the Tenants by agreement of the parties. The Defendant agrees to bear the cost of the extended living facility and bear all the costs associated with the result of their re-location.

8. This matter shall be heard on review of compliance with this Court order on Wednesday December 12, 2018 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

9. This Court retains jurisdiction to remove any liens resulting from this Citation.

10. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 22nd day of November, 2018.

PER ORDER:                                    ENTERED:

/s/ Michael DiChiro, Chief Justice

_____                   _____
Chief Justice                                 Clerk

## NOTICE

This matter shall be heard on review of status on December 12, 2018 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano

## CERTIFICATION

I hereby certify that I emailed a copy of this order on the 22nd day of November, 2018 to the following parties:

1. Kevin Rolando, Esq. on behalf of Preservation Management, Inc krolando@gunninglafazia.com
2. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@marlawri.com
3. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
4. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wjclaw.com
6. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com

/s/ Joseph R. Ballirano

2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 31 of 121 PageID #: 33

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON          :

        V.               :         C.A. NO.: 18107111820

                             :

STAY AWAY FROM THE CANS, LLC    :

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 12ᵗʰ day of December, 2018, on Plaintiff's citation of Defendant for violation of Rhode Island Property Maintenance code, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.    304.13 (Openable windows)
   b.    304     (exterior structure)
   c.    305.3   (interior surfaces)
5. Defendant, Stay the Cans, LLC, was represented in Court by Tenessa Azar, Esquire.
6. Tenants appeared in Court again today represented by counsel Daniel Calabro.
7. Defendant is under a prior Court order to provide a stamped engineers report by November 19, 2018 at 12:00pm. This report was not filed nor is it brought to Court today.
8. Defendant is under a prior Court Order to provide mold test reports regarding the 62 units. These reports have not been provided prior to or in Court today.
9. Defendant is under a prior Court order to re-locate the Tenants living in Units 104,110,115,118,121,129, 131,132,133,135,136,137,138,140,152.
10. The issues presented to the Court are prima facie health, safety, and welfare issues.
11. Defendant and Town officials conducted an extensive pre-trial conference and have come to agreements going forward which shall now become Court order as presented to Chief Justice DiChiro.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. Defendant shall provide the Building Official a timetable and anticipated schedule of all the work to be performed at 20 Park street by January 8, 2019.
3. The Engineering company hired by Defendant (Geisser) shall provide the Building official with detailed engineers drawings and provide him with bi-weekly reports and shall provide the project certification when completed.
4. Defendant shall obtain demolition permits for the inside work being done in individual apartments and all permits obtained shall be by individual apartment number so the Town can better track what work was done in each specific apartment. Any plumbing and electrical work performed at the location shall be by Rhode Island licensed contractors.
5. The subject premises shall be kept free of debris while construction is completed.
6. The protocol for mold testing as provided by Defendant is acceptable to the Town except the entire apartment shall be tested and not just the bedroom and living room.
7. Defendant is ordered to extend all Tenants in the extended stay hotel to January 31, 2019 and their storage.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 32 of 121 PageID #: 34

8. Defendant is ordered to remove and strip all siding where there is rotted wood in the walls. Defendant shall not put sheetrock over rotted wood. Defendant shall have the Engineer identify which wood can be covered and which shall be replaced.

9. Unit 131 shall have her personal property and furniture put in storage by movers by Friday December 14th.

10. Young Management, the new property manager, shall contact the Building Official to arrange for moving and storage of a few Tenants still not moved in violation of prior Court order by Monday December 17, 2019.

11. This matter shall be reviewed on January 9th 2019 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919, for compliance with this Court order and all prior Court orders.

12. This Court retains jurisdiction to remove any liens resulting from this Citation.

13. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 19th day of December, 2018.

PER ORDER:

/s/ Michael DiChiro, Chief Justice

_____
Chief Justice

ENTERED:

_____
Clerk

### NOTICE

This matter shall be heard on review of status on January 9, 2019 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano
_____

### CERTIFICATION

I hereby certify that I emailed a copy of this order on the 19th day of December, 2018 to the following parties:

1. Kevin Rolando, Esq. on behalf of Preservation Management, Inc krolando@gunninglafazia.com
2. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@marlawri.com
3. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
4. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wjclaw.com
6. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com

/s/ Joseph R. Ballirano
_____

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON             :
                                :
     V.                  :        C.A. NO.: 18107111820
                                :
STAY AWAY FROM THE CANS, LLC    :

## ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 9ᵗʰ day of January, 2019, on Plaintiff's Motion to Adjudge in Contempt, it is hereby:

## FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
    a.    304.13 (Openable windows)
    b.    304    (exterior structure)
    c.    305.3   (interior surfaces)
5. Defendant, Stay the Cans, LLC, was represented in Court by Steven Izzi, Esquire. One of the Owners appeared in Court today from California.
6. Representatives of Young Management (new on site property management providers) were in Court today.
7. Tenants appeared in Court again today represented by counsel.
8. Attorney Izzi also brought the engaged members of the team that will oversee the construction and renovations to 20 Park street. These professional included Christopher Rivera of PRI Construction, Shamika Godley of E&G Consulting, and Steven Bogle of Geisser Engineering.
9. Attorney Izzi made representations that over 300 samples were taken from all the units testing for moisture and mold. Those results will be available by the end of the week. Defendant has also engaged and contracted with a structural engineer and construction consultant. A Rhode Island licensed architect has also been engaged.
10. Defendant still was under Court order to provide a stamped engineers report and mold test reports regarding the 62 units. These reports have not been provided prior to or in Court today. Defendant avers that he has them and can provide them to Town officials by Friday.
11. The issues presented to the Court are prima facie health, safety, and welfare issues.
12. Town officials and the Defendant's team had an extensive pre-trial conference this day discussing all the issues, (including but not limited to mold, moisture, external wood replacement, siding, and a construction plan) and setting up a future meeting to memorialize and set a reasonable time table which anticipates weather delays that all parties can live with and maintain.
13. Residents issues were considered including providing stability to displaced residents and relieving some of their stress regarding whether or not their extended stay hotel accommodations are being renewed and whether or not their respective unit tested positive for mold.

## ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.

2. Plaintiff and Defendant agreed to an additional fine of $5,000.00 in lieu of an analysis of what items Defendant could and could not control from the December 12ᵗʰ order.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 34 of 121 PageID #: 36

3. Defendant is ordered to deliver via drop box or some similar site the extensive mold results from the 62 units and a summary and analysis of same by Friday January 11th at 4:30pm.

4. This matter shall be reviewed on January 23, 2019 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919 for compliance with the Town receiving mold reports and verification that any remaining Tenant in a mold positive apartment were re-located to the extended stay hotel.

5. The Defendant's team and Town officials shall meet after Court on the 23rd to memorialize the timetable that will be followed in the construction and renovation process.

6. All Tenant's that have been relocated to the extended stay hotel shall be extended to June 1, 2019 without request. If their respective unit tests negative for mold and moisture and is repaired and/or otherwise in habitable condition, the Defendant shall be allowed to move them back into the complex at 20 Park street provided their respective unit has been inspected by the Town official and approved for habitation.

7. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 10th day of January, 2019.

PER ORDER:                                  ENTERED:

/s/ Michael DiChiro, Chief Justice
_____            _____
Chief Justice                               Clerk


## NOTICE

This matter shall be heard on review of status on January 23, 2019 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano
_____


## CERTIFICATION

I hereby certify that I emailed a copy of this order on the 10th day of January, 2019 to the following parties:
1. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@marlawri.com
2. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
3. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
4. Sean Doherty, Esq. on behalf of Tenants calabroLaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wjclaw.com
6. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com
7. Steven Bogle geo@geisserengineering.com
8. Rebecca Mendonca on behalf of Young Mgt. rmendonca@ymcorp.com
9. Lisa Gravel on behalf of Young Mgt. lgravel@ymcorp.com
10. Linda Kemp on behalf of Young Mgt. lkemp@ymcorp.com

/s/ Joseph R. Ballirano
_____

2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 35 of 121 PageID #: 37

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                        :
                                        :
            V.                          :
                                        :        C.A. NO.: 18107111820
                                        :
STAY AWAY FROM THE CANS, LLC            :

## ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 23rd day of January, 2019, on Review of Compliance with previous Court orders, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.   304.13 (Openable windows)
   b.   304    (exterior structure)
   c.   305.8 (interior surfaces)
5. Defendant, Stay the Cans, LLC, was represented in Court by Steven Izzi, Esquire.
6. Representatives of Young Management (new on site property management providers) were in Court today.
7. Tenants appeared in Court again today represented by counsel.
8. Attorney Izzi also brought the engaged members of the team that will oversee the construction and renovations to 20 Park street. These professional included Christopher Rivera of PRI Construction, Shamika Godley of E&G Consulting, (Steven Bogle of Geisser Engineering did not appear)
9. The issues presented to the Court are prima facie health, safety, and welfare issues.
10. Town officials and the Defendant's team had an extensive pre-trial conference discussing all the issues, including but not limited to construction plans and movers and storage issues because residents furniture and personal property is still in mold effected apartments.
11. Residents issues were considered including sewer back-ups.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.

2. Defendant is ordered to engage and contract with a Mover by January 23, 2019 at 4:30 pm and email verification of same to Town prosecutor at justicebai@verizon.net.

3. Defendant is ordered to engage and contract with a storage facility or Pod rental company by January 25, 2019 at 4:30 pm and email verification of same to Town prosecutor at justicebai@verizon.net.

4. Defendant agrees to hire a cleaning crew and get the Units cleaning started no later than February 6, 2019, as part of the remediation and construction plans provided to the Town.

5. This matter shall be reviewed on February 6, 2019 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919 for compliance with this and all previous Court orders.

1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 36 of 121 PageID #: 38

6.  All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 23rd day of January, 2019.

PER ORDER:                          ENTERED:

/s/ Michael DiChiro, Chief Justice

Chief Justice                       Clerk

## NOTICE

This matter shall be heard on review of status on February 6, 2019 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.

/s/ Joseph R. Ballirano

## CERTIFICATION

I hereby certify that I emailed a copy of this order on the 23rd day of January, 2019 to the following parties:
1. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@marlawri.com
2. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
3. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
4. Sean Doherty, Esq. on behalf of Tenants calabroLaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wiclaw.com
6. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com
7. Steven Bogle sec@geisserengineering.com
8. Rebecca Mendonca on behalf of Young Mgt. rmendonca@ymcorp.com
9. Lisa Gravel on behalf of Young Mgt. lgravel@ymcorp.com
10. Linda Kemp on behalf of Young Mgt. lkemp@ymcorp.com
11. Chris Rivera of PRI construction crivera@priconstruction.com

/s/ Joseph R. Ballirano

2 of 2

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                  :
                                 :
        V.                       :          C.A. NO.: 18107111820
                                 :
STAY AWAY FROM THE CANS, LLC     :

### ORDER

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 30th day of January, 2019, on Intervenor's Motions, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.     304.13 (Openable windows)
   b.     304     (exterior structure)
   c.     305.3  (interior surfaces)
5. Defendant, Stay the Cans, LLC, was represented in Court by Jennifer Sylvia, Esquire.
6. Tenants/Intervenors appeared in Court again today represented by counsel.
7. The issues presented to the Court are prima facie health, safety, and welfare issues.
8. Town officials and the Defendant's team had an extensive pre-trial conference discussing the re-location of the Tenant in Unit 117 back to her apartment even though there was visible signs of water damage not properly remediated per CSL findings and prior Court order.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.

2. Defendant is ordered to re-locate the Tenant in Unit 117 back to the extended stay hotel until the Defendant's on site project manger, Chris Rivera can appear in Court to explain why a full remediation is not being done on Unit 117.

3. This matter shall be reviewed on February 6, 2019 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919 for compliance with this and all previous Court orders.

4. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 23rd day of January, 2019.

PER ORDER:                              ENTERED:

/s/ Michael DiChiro, Chief Justice      _____

_____          _____
Chief Justice                          Clerk

1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 38 of 121 PageID #: 40

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :
                                   :
        V.                          :        C.A. NO.: 18107111820
                                   :
STAY AWAY FROM THE CANS, LLC        :

## **ORDER**

The above entitled matter came on for hearing before the Honorable Michael DiChiro, Jr., of the Johnston Municipal Court on the 24th day of April, 2019, for review, it is hereby:

### **ORDERED, ADJUDGED, AND DECREED:**

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.
2. **This matter shall be reviewed on June 12, 2019 at 8:00am, at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.**
3. All Tenant's that have been relocated to the extended stay hotel shall be extended to June 12, 2019 without request.
4. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 24th day of April, 2019.


PER ORDER:                          ENTERED:

*/s/ Michael DiChiro, Chief Justice*    */s/ Richard Delfino, Jr.*
_____        _____
Chief Justice                          Clerk

### **NOTICE**

This matter shall be heard on review of status on June 12, 2019 at 8:00am at the Johnston Municipal Court, 1600 Atwood Avenue Johnston, RI 02919.


                                   */s/ Joseph R. Ballirano*
                                   _____

### **CERTIFICATION**

I hereby certify that I emailed a copy of this order on the 10th day of January, 2019 to the following parties:
1. Steven Izzi, Esq. on behalf of Stay Away from the Cans, LLC sizzi@marlawri.com
2. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
3. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
4. Sean Doherty, Esq. on behalf of Tenants calabroLaw@gmail.com
5. William J. Conley, Esq. on behalf of Town wconley@wjclaw.com
6. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com
7. Steven Bogle geo@geisserengineering.com
8. Rebecca Mendonca on behalf of Young Mgt. rmendonca@ymcorp.com
9. Lisa Gravel on behalf of Young Mgt. lgravel@ymcorp.com
10. Linda Kemp on behalf of Young Mgt. lkemp@ymcorp.com


                                   */s/ Joseph R. Ballirano*
                                   _____


                        1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 39 of 121 PageID #: 41

# EXHIBIT 3

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                          :
                                          :
v.                                        :        Citation No.:  18107111820
                                          :
STAY AWAY FROM THE CANS, LLC              :

**EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

NOW COME the Tenants of 20 Park Street, Johnston, RI (hereinafter the "Tenants") and hereby move this Court on an emergency basis for injunctive relief against Defendant Stay Away From The Cans, LLC regarding remediation at 20 Park Street, Johnston, RI ("Park Plaza"). In support of this Motion, the Tenants aver as follows:

1. Defendant Stay Away From the Cans, LLC ("SAFC"), is the owner of Park Plaza.

2. The Tenants are the residents of Park Plaza as previously identified in Exhibit A to Tenants' Motion to Intervene.

3. As this Court is aware, the Tenants' apartments at Park Plaza were infested with mold, suffered severe water damage, and were rendered uninhabitable by a failure to maintain Park Plaza in decent, safe, and sanitary condition with accordance with federal regulations, state and local housing codes, and the HAP contracts with the Tenants.

4. As of the filing of this Emergency Motion, nearly all residents at Park Plaza have suffered their units being made unsafe and unsanitary due to hazardous conditions at Park Plaza.

5. On May 9, 2019, undersigned counsel received an email from Attorney Mark Nugent representing SAFC's property management company, Young Management Corporation ("Young").

1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 41 of 121 PageID #: 43

6. The May 9, 2019 email indicated six (6) Park Plaza units were ready for habitation: Unit 104, Unit 105, Unit 107, Unit 109, Unit 110, and Unit 111.

7. The May 9, 2019 email indicated SAFC and Young would therefore terminate storage for those units on Friday, May 10, 2019 at approximately 12PM.

8. The May 9, 2019 email also indicated that the Tenants would be required to move back into those units no later than Tuesday, May 14, 2019, when SAFC and Young would terminate their hotel reservations.

9. Undersigned counsel has not received any copies of certificates of compliance issued by the Town indicating that work has been completed in the six units identified.

10. Undersigned counsel has not received any copies of reports prepared by CLS indicating that mold testing was completed in the six units identified, or that the units passed mold testing.

11. As of the filing of this Motion, the Tenants still have not received copies of those documents from SAFC, Young, or their agents despite repeated requests.

12. On May 10, 2019, undersigned counsel visited the premises and discovered SAFC and Young had already moved tenants who are not represented by counsel back into their units.

13. Upon information and belief, unrepresented tenants may have been moved back in prior to issuance of certificates of compliance and/or mold testing for their units.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

1. That Defendant SAFC be adjudged in willful contempt of this Court's prior orders requiring alternative housing;

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 42 of 121 PageID #: 44

2. That SAFC be ordered to continue to provide alternative housing for the Tenants until the Town issues certificates of compliance for their respective units AND until the units have passed testing performed by CLS Mold Testing;

3. Any other relief that this Court deems meet and just.

**PLAINTIFF REQUESTS THIS MOTION BE HEARD ON AN EMERGENCY BASIS ON WEDNESDAY MAY 15, 2019 OR AT THE NEXT AVAILABLE DATE.**

Respectfully submitted,
THE TENANTS OF PARK PLAZA,
By their Attorneys,

   /s/  Daniel Calabro, Jr.
Daniel Calabro, Jr., Esq.
Law Office of Daniel Calabro, Jr.
6145 Post Road
North Kingstown, RI 02852
T: (401) 203-0473
F: (888) 461-1955
CalabroLaw@gmail.com

Artin Coloian, Esq.
Coloian Law
127 Dorrance Street, LL
Providence, RI 02903
T: (401) 861-9400

Sean R. Doherty, Esq.
Law Office of Sean R. Doherty
6145 Post Road, Unit 6
North Kingstown, RI 02852
T: (401) 203-0472
SRD@OceanStateLaw.com

## **CERTIFICATION**

I hereby certify a true copy of the above-Motion was served upon all parties currently involved in the above-referenced matter this 10th day of May, 2019:

   /s/  Sean R. Doherty

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# EXHIBIT 4

Case 1:22-CV-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 44 of 121 PageID #: 46



**WHELAN CORRENTE & FLANDERS LLP**

*Robert Clark Corrente*
rcorrente@whelancorrente.com
401.270.1333

May 21, 2019

*BY FACSIMILE*

The Honorable Jacqueline Grasso
Chief Judge
Town of Johnston Municipal Court
1600 Atwood Avenue
Johnston, RI 02919

> *Re:*   ***Town of Johnston v. Stay Away from the Cans, LLC***
> ***C.A. No. 18107111820***

Dear Judge Grasso:

We write on behalf of our client Stay Away From the Cans, LLC ("Cans") to update the Court on the status of a variety of issues that arose in the course of last week's hearing and the site visit to Park Plaza. In our view, most if not all of these issues have been addressed since that time, as follows:

1. Did Geisser Engineering inspect the construction work performed in the units?

Tenants' counsel complained that Geisser Engineering never inspected the construction work, since their inspection took place before the demolition work. This is simply wrong. I attach at **Tab A** a letter from Geisser to that effect.

2. Do the units violate the State Fire Code because they do not have hard-wired smoke detectors?

Tenants' counsel complained that every one of the units is in violation of the State Fire Code due to the absence of hard-wired smoke detectors. Again, this is simply not true. Every <u>unit</u> has hard-wired smoke detectors, as shown on the sample photographs at **Tab B**. Moreover, we confirmed with the State Fire Marshall office that they confirmed this on their inspection of the premises on May 15.

The Honorable Jacqueline Grasso
May 21, 2019
Page 2

**WHELAN CORRENTE & FLANDERS LLP**

3.  Has the necessary insurance information been provided to the tenants?

Tenants' counsel complained that they could not file insurance claims because they did not have the necessary information. Attached at **Tab C** is a copy of my May 15 letter to counsel identifying the carrier and policy limits, and urging counsel to submit their clients' claims to expedite the process. No claims information has been submitted.

4.  Is HUD required to inspect the units before they are re-occupied?

As set forth in the attached email, HUD has confirmed that it is not required to inspect the units, if (as is the case here) the local building official has certified that they are ready for occupancy (**Tab D**).

5.  Have arrangements been made for Young Management to inspect for punch list and maintenance items?

Yes, Young Management has notified the tenants whose items have been moved back to Park Plaza that they should contact Young to arrange a walkthrough for punch list and maintenance items (**Tab E**).

6.  Have the concerns about the two storage areas been addressed?

Yes. We are advised by Young Management that they have removed the paint and chemicals from the maintenance shop under the office, and that they have removed the air conditioners from the resident storage area.

7.  Has the protruding nail issue in Unit 108 been addressed?

Yes, we are advised that the nails protruding through the exterior wall have been removed and the siding replaced in that area.

8.  What was the Partner Engineering Report?

On November 21, 2018, Partner Engineering and Science, Inc. provided Cans with a preliminary visual inspection report of unit interiors at Park Plaza Apartments. Cans then engaged CLS Mold Testing, LLC, to perform air sample tests in every room in every unit at the property from 12/27/18-1/2/2019. The air sample test is the most accurate indicator of whether or not mold exists, as the air samples are sent to a laboratory for analysis and conclusion. Accordingly, the

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

The Honorable Jacqueline Grasso
May 21, 2019
Page 3



**WHELAN CORRENTE & FLANDERS LLP**

CLS tests supersede any prior testing performed. Notably, none of the Court's orders have required Cans to do anything with respect to the Partner's report.

9.  What is the status of the tenants' complaints about beds?

Tenants' counsel complained that, notwithstanding the certificates of occupancy, it would be unfair to ask tenants to return to their units if they did not have beds to sleep on. To address this concern, Cans researched the issue and learned that it could purchase brand new beds (mattress, box spring, and metal frame; choice of Full or Queen size) for approximately $380, including tax and delivery. We conveyed this information to tenants' counsel on May 17, and told them that Cans would purchase a new bed for every unit and arrange for delivery or, in the alternative, would provide each tenant with a check in that amount upon his or her return, to be spent however they wished. Tenants' counsel responded that this offer was "insulting" and would "enrage" their clients. We have not heard back from them since that time. In any event, the tenants have now had another week to make whatever arrangements they desire concerning beds and/or other furniture, and their return to their units does not affect their rights to present claims to Cans' insurance company.

In sum, Cans believes that it has addressed and satisfied all of the issues raised by tenants' counsel last week, and that nothing should prevent tenants from returning to those units for which Cans has received certificates of occupancy, now or in the future.

Thank you for your consideration.

Sincerely,

Robert Clark Corrente

RCC/lal
Enclosures

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H



**WHELAN CORRENTE & FLANDERS LLP**

The Honorable Jacqueline Grasso
May 21, 2019
Page 4

cc:   Daniel Calabro, Esq. (calabrolaw@gmail.com) (w/encs.) (by email)
      Artin Coloian, Esq. (coloianlaw@gmail.com) (w/encs.) (by email)
      Sean Doherty, Esq. (calabrolaw@gmail.com) (w/encs.) (by email)
      William J. Conley, Esq. (wconley@wjclaw.com) (w/encs.) (by email)
      Armando Batastini, Esq. (abatastini@nixonpeabody.com) (w/encs.) (by email)
      Steven Bogle (gec@geisserengineering.com) (w/encs.) (by email)
      Rebecca Mendonca (rmendonca@ymcorp.com) (w/encs.) (by email)
      Lisa Gravel (lgravel@ymcorp.com) (w/encs.) (by email)
      Linda Kemp (lkemp@ymcorp.com) (w/encs.) (by email)
      Joseph Ballirano (justicebal@verizon.net) (w/encs.) (by email)
      Mark Nugent, Esq. (MNugent@morrisonmahoney.com) (w/encs.) (by email)

38919.DOCX

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# TAB A

**Geisser Engineering Corporation**
Consulting Engineers

227 Wampanoag Trail
Riverside, R.I. 02915-0480
(401) 438-7711

GEORGE J. GEISSER, JR., P.E
GEORGE J. GEISSER, III, P.E.
NORMAN R. PAQUETTE, P.E.
1921-1985

May 15, 2019

Mr. Ed Civito
Building Official
Town of Johnston
100 Irons Avenue
Johnston, RI 02919

RE: **Exterior Wall Reconstruction**
**And Repairs Certification**
**Park Street Apartments**
**Johnston, RI**
**Geisser Job#: GEC-3158**

Mr. Civito:

Please accept this letter as certification that the undersigned inspected each unit at the above referenced project before and after repairs were performed before issuing my final certifications.

If you have any questions, or should you require any additional information, please do not hesitate to contact our office.

Sincerely,
Geisser Engineering Corporation

Steven A. Bogle, P.E.
Senior Project Engineer
SAB

Civil and Environmental Engineering Consultants
Investigations · Studies · Reports · Planning · Design · Research · Testing · Construction Materials Technology

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 50 of 121 PageID #: 52

# TAB B

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H.



Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H.

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 52 of 121 PageID #: 54



Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 53 of 121 PageID #: 55

# TAB C



**WHELAN CORRENTE & FLANDERS LLP**

*Robert Clark Corrente*
rcorrente@whelancorrente.com
401.270.1333

May 15, 2019

*BY EMAIL*

Artin Coloian, Esq.
Coloian Law
127 Dorrance Street, LL
Providence, RI 02903
coloianlaw@gmail.com

Daniel Calabro, Jr., Esq.
Law Office of Daniel Calabro, Jr.
6145 Post Road
North Kingstown, RI 02852
calabrolaw@gmail.com

    Re:    *Town of Johnston v. Stay Away from the Cans, LLC*

Counsel:

    As we discussed this morning, in response to your inquiry about insurance coverage, Stay Away from the Cans, LLC is insured by the Philadelphia Insurance Companies, with a limit of $1.0 million per occurrence.

    Please provide us with the documentation for any property damage claim being asserted by any of your clients, and we will pass that along to the carrier.

        Sincerely,

        Robert Clark Corrente

RCC/lal

cc: Mark T. Nugent, Esq. (MNugent@morrisonmahoney.com)

38786.DOCX

Tel 401.270.4500  Fax 401.270.3760 • www.whelancorrente.com • 100 Westminster Street, Suite 710, Providence, RI 02903-2319

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# TAB D

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 56 of 121 PageID #: 58

Christine M" <Christine.M.Keshura@hud.gov>, Joanne Curtis <jcurtis@rihousing.com>,
Andrew Kim <Andrew@blvdcapitalinvestment.com>, Nikhil Nardhani
<nikhil@blvdcapitalinvestment.com>
**Subject: RE: Park Plaza Update**

Patrick,

Pursuant to our discussion concerning Park Plaza there is no requirement that HUD inspect the project prior to occupancy in this situation <u>provided</u> the project is in compliance with State and local codes as documented by the Town of Johnston's issuance of occupancy certificates. HUD physical condition standards do not supersede or preempt State and local codes for building and maintenance with which HUD housing must comply. HUD housing must continue to adhere to these codes. While HUD is not required to inspect the project there is nothing to prevent HUD from doing so. We agreed that in an abundance of caution HUD would send an inspector to the site to ensure that in addition to local code compliance any deficiencies relating to HUD Physical Condition Standards are identified and addressed. Thank you for continued cooperation with the Town of Johnston and HUD in correcting the physical deficiencies at the site and protecting the residents.

Joe

*Joe Crisafulli*
*Asset Management Division Director*
*Boston*
**Thomas P. O'Neill Jr. Federal Building**
**Room 301**
**10 Causeway Street**
**Boston, MA 02222-1092**
**Phone: 617-994-8582**
**e-mail: Joe.Crisafulli@HUD.gov**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# TAB E

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 58 of 121 PageID #: 60



# YOUNG
## M A N A G E M E N T

May 15, 2019

TO: Park Plaza Tenants

RE: Park Plaza Unit Maintenance Concerns

Young Management Corporation will be using the attached unit inspection report and conducting comprehensive unit inspections with residents upon their return to their unit. Items recorded on the inspection report will be addressed by maintenance.

Sincerely,

Heather Ventura
Corporate Compliance

**"Equal Housing Opportunity"**
**"Equal Employment Opportunity"**

**22602 State Line Road, Bucyrus, KS 66013     913-947-3131 Office     www.ymcorp.com**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 59 of 121 PageID #: 61

| 4350.3 REV1 | | **Appendix 5** |

OMB Approval No. 2502-0204
(Exp. 06/30/2017)

## Appendix 5:  Move-In/Move-Out Inspection Form

[Company name]
[Company address]

| Property | | | Resident |
|---|---|---|---|
| Apartment No. | Unit Size | | Move-In Inspection Date | Move-Out Inspection Date |

| Item | Condition | | Cost to Correct |
|---|---|---|---|
| | Move-In | Move-Out | |
| **ENTRANCE/HALLS** | | | |
| Steps and landings | | | |
| Handrails | | | |
| Doors | | | |
| Hardware/Locks | | | |
| Floors/Coverings | | | |
| Walls/Coverings | | | |
| Ceilings | | | |
| Windows/Coverings | | | |
| Lighting[1] | | | |
| Electrical Outlets | | | |
| Closets[2] | | | |
| Fire alarms/equipment | | | |
| | | | |
| **LIVING ROOM** | | | |
| Floor/Coverings | | | |
| Walls/Coverings | | | |
| Ceiling | | | |
| Windows/Covering | | | |
| Lighting[1] | | | |
| Electrical outlets | | | |
| | | | |

form HUD-90106 (12/2007)
ref. HB 4350.3 Rev. 1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

| 4350.3 REV-1 |

| **Appendix 5** |

OMB Approval No. 2502-0204
(Exp. 06/30/2017)

| Item | Condition | | Cost to Correct |
|------|-----------|---|----------------|
|  | Move-In | Move-Out |  |
| **DINING ROOM** | | | |
| Floor/Coverings | | | |
| Walls/Coverings | | | |
| Ceiling | | | |
| Windows/Coverings | | | |
| Lighting[1] | | | |
| Electrical outlets | | | |
|  | | | |
| **KITCHEN** | | | |
| Range | | | |
| Refrigerator | | | |
| Sink/Faucets[3] | | | |
| Floor/Coverings | | | |
| Walls/Coverings | | | |
| Ceiling | | | |
| Windows/Coverings | | | |
| Lighting[1] | | | |
| Electrical outlets | | | |
| Cabinets | | | |
| Closets/Pantry[2] | | | |
| Exhaust fan | | | |
| Fire alarms/equipment | | | |
|  | | | |
| **BEDROOM(S)** | | | |
| Doors and locks | | | |
| Floor/Coverings | | | |
| Walls/Coverings | | | |
| Ceiling | | | |
| Windows/Covering | | | |
| Closets[2] | | | |
| Lighting[1] | | | |
| Electrical outlets | | | |
|  | | | |

form HUD-90106 (12/2007)
ref. HB 4350.3 Rev. 1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 61 of 121 PageID #: 63

4350.3 REV-1

**Appendix 5**

OMB Approval No. 2502-0204
(Exp. 06/30/2017)

| Item | Condition | | Cost to Correct |
|------|-----------|---|---|
| | Move-In | Move-Out | |
| **BATHROOM(S)** | | | |
| Sink/Faucets[3] | | | |
| Shower/Tub[3] | | | |
| Curtain rack/Door | | | |
| Towel rack | | | |
| Toilet | | | |
| Doors/Locks | | | |
| Floor/Coverings | | | |
| Walls/Coverings | | | |
| Ceiling | | | |
| Windows/Coverings | | | |
| Closets[2] | | | |
| Cabinets | | | |
| Exhaust fan | | | |
| Lighting[1] | | | |
| Electrical outlets | | | |
| | | | |
| | | | |
| **OTHER EQUIPMENT** | | | |
| Heating Equipment | | | |
| Air-conditioning unit(s) | | | |
| Hot-water heater | | | |
| Smoke/Fire alarms | | | |
| Thermostat | | | |
| Door bell | | | |
| | | | |
| | | | |
| TOTAL | | | |

1. Fixtures, Bulbs, Switches, and Timers
2. Floor/Walls/Ceiling, Shelves/Rods, Lighting
3. Water pressure and Hot water

form HUD-90106 (12/2007)
ref. HB 4350.3 Rev.1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

4350.3 REV-1

**Appendix 5**

OMB Approval No. 2502-0204
(Exp. 06/30/2017)

---

### Move-In

This unit is in decent, safe and sanitary condition.  Any deficiencies identified in this report will be remedied within 30 days of the date the tenant moves into the unit.

_____
Manager's Signature

I have inspected the apartment and found this unit to be in decent, safe and sanitary condition. Any deficiencies are noted above. I recognize that I am responsible for keeping the apartment in good condition, with the exception of normal wear.  In the event of damage, I agree to pay the cost to restore the apartment to its original condition.

_____
Resident's Signature

_____
Resident's Signature

| | By | Date |
|---|---|---|
| Prepared | _____ | _____ |
| Reviewed | _____ | _____ |
| Prepared | _____ | _____ |
| Reviewed | _____ | _____ |

### Move-Out

_____
Manager's Signature

___Agree with move-out inspection

___Disagree with move-out inspection

   If disagree, list specific items of disagreement.

_____

_____

_____

_____
Resident's Signature

_____
Resident's Signature

| | By | Date |
|---|---|---|
| Prepared | _____ | _____ |
| Reviewed | _____ | _____ |
| Prepared | _____ | _____ |
| Reviewed | _____ | _____ |

**Public reporting burden** - HUD is not requesting approval of any burden hours for the move-in/move-out inspection report since use of move-in/move-out inspection reports are a standard business practice in the housing rental industry.  This information is required to obtain benefits and is voluntary. HUD may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.  The owner/management agent and tenant together conduct a move-in/move-out inspection to document the condition of the unit at the time of move-in/move-out.  Conducting move-in/move-out inspections are a standard business practice in the housing rental industry and are used for determining damages caused by the tenant during tenancy and allowable deductions from the tenant's security deposit held by the owner. This information is authorized by 24 CFR 5.703 and 5.705, 886.123, 886.223 cover unit inspections.  This information is considered non-sensitive and does not require any special protection.

---

form HUD-90106 (12/2007)
ref. HB 4350.3 Rev. 1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 63 of 121 PageID #: 65

# EXHIBIT 5

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                          :
                                          :
        V.                                :        C.A. NO.: 18107111820
                                          :
STAY AWAY FROM THE CANS, LLC              :

## ORDER

The above entitled matter came on for hearing before the Honorable Jacqueline Grasso, of the Johnston Municipal Court on the 22nd day of May, 2019, on Review, it is hereby:

### FINDINGS OF FACT

1. Defendant is the Owner of property located at 20 Park Street, Johnston, RI.
2. Stay Away from the Cans, LLC bought the subject property in October 2017.
3. 20 Park Street is a 62 unit federally subsidized apartment complex, it is a property based program. The Department of Housing & Urban Development has jurisdiction over inspection and assurance that the living conditions meet the minimum housing standards at the subject property.
4. Defendant was issued a valid citation numbered 18107111820 for violation of the Rhode Island Property Maintenance code, for:
   a.    304.13 (Openable windows)
   b.    304    (exterior structure)
   c.    305.3  (interior surfaces)
5. Defendant, Stay the Cans, LLC, was represented in Court by Robert Corrente, Esquire.
6. Tenants appeared in Court again today represented by Artin Coloian, Esquire and Daniel Calabro, Esquire.
7. Young Management, the new property manager was represented in Court today by Mark Nugent, Esquire.
8. The issues presented to the Court are prima facie health, safety, and welfare issues.
9. Town officials and the Defendant's counsels had an extensive pre-trial conference discussing the suitability of re-location of the displaced tenants of 29 units that were finished with repairs and remediation, deemed mold free by CLS, and deemed structurally sound by Geisser Engineering. Tenants and Defendant's counsel also needed to discuss relocation issues such as cost of same and furniture needed that was destroyed by mold.
10. Town Officials and Defendant's counsel also discussed at length the distinction between a certificate of occupancy as compared to a certificate of completion of work per building permit taken for the repaired and remediated units and who has authority to issue same. Johnston Building Official has certified the units as in compliance with the permits pulled, mold free per CLS final report, and structurally sound per the Geisser final report. He has not issued certificates of occupancy as the Buildings are 50 years old and not built to todays building Code.
11. HUD officials have provided an email that they would not necessarily be inspecting the remediated units and would rely on Johnston's inspection. Counsel were giving HUD a couple of days to clarify a prior email regarding acceptance of certificates of completion as certificates of occupancy and if HUD was accepting the same as verification that the 29 tenants with remediated apartments could move back to their apartments by Saturday May 25, 2019 and the Owner's responsibility to provide a hotel room to the residents of these 29 units shall terminate.

### ORDERED, ADJUDGED, AND DECREED:

1. Defendant is ordered to continue to cooperate with any and all directives of Town officials needed to correct the deficiencies at 20 Park Street.

2. Defendant and Tenant's counsel's agreement to re-locate the residents of the 29 remediated units is ordered and the Owner's responsibility to provide a hotel room to the residents of these 29 units shall end on Saturday May 25, 2019, provided the HUD correspondence/email is satisfactory to all parties.

1 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 65 of 121 PageID #: 67

3. If the HUD correspondence/email is unacceptable to any party they may file an emergency Motion with the Johnston Municipal Court and said filing shall stay the moving/relocation requirement until Wednesday May 29, 2019, and shall necessitate a review of this matter on May 29, 2019 at 8:30am.

4. All prior Orders of this Honorable Court remain in full force and effect.

ENTERED as an Order of this Honorable Court on this 22nd day of May, 2019.

PER ORDER:                          ENTERED:

*/s/ Jacqueline Grasso*             */s/ Richard Delfino, Jr.*
_____            _____
Chief Justice                       Clerk

## CERTIFICATION

I hereby certify that I emailed a copy of this order on the 22nd day of May, 2019 to the following parties:
1. Daniel Calabro, Esq. on behalf of Tenants calabrolaw@gmail.com
2. Artin Coloian, Esq. on behalf of Tenants coloianlaw@gmail.com
3. Sean Doherty, Esq. on behalf of Tenants calabroLaw@gmail.com
4. William J. Conley, Esq. on behalf of Town wconley@wjclaw.com
5. Armando Batastini on behalf of RI Housing abatastini@nixonpeabody.com
6. Steven Bogle gec@geisserengineering.com
7. Rebecca Mendonca on behalf of Young Mgt. rmendonca@ymcorp.com
8. Lisa Gravel on behalf of Young Mgt. lgravel@ymcorp.com
9. Linda Kemp on behalf of Young Mgt. lkemp@ymcorp.com
10. Chris Rivera of PRI construction crivera@priconstruction.com
11. Nugent, Mark MNugent@morrisonmahoney.com
12. Robert C. Corrente RCorrente@whelancorrente.com

*/s/ Joseph R. Ballirano*
_____

2 of 2

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# EXHIBIT 6

**Robert C. Corrente**

**From:**
**Sent:**
**To:**
**Cc:**
**Subject:**


Pat Luke
(310) 592-8154

> Begin forwarded message:
>
> **From:** "Crisafulli, Joe" <joe.crisafulli@hud.gov>
> **Date:** May 23, 2019 at 11:07:32 AM PDT
> **To:** Patrick Luke <Pat@blvdcapitalinvestment.com>
> **Cc:** Maurice Barry <Maurice.E.Barry@hud.gov>, "Cuscuna, Kim" <kim.cuscuna@hud.gov>, "Smith Greer, Nancy" <Nancy.SmithGreer@hud.gov>, "Samadi, Derya" <Derya.Samadi@hud.gov>, "Levin, Eric D" <Eric.D.Levin@hud.gov>, "Siciliano, Rhonda M" <Rhonda.M.Siciliano@hud.gov>
> **Subject: RE: Park Plaza**
>
> Pat,
>
> Please be advised that the Building Permits you have included in the drop box have been signed by the Building Official in the Work Completed section of the permits issued for each unit.   Additionally, the Building Official has provided letters for each unit confirming completion of the work and also confirming that each unit inspected is ready for occupancy.   Given this confirmation,  HUD does not require the units located at Park Plaza to have Certificates of Occupancy.  In fact, it is my understanding that Certificates of Occupancy may only be issued for new construction projects and would therefore not be applicable to Park Plaza.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 68 of 121 PageID #: 70

HUD is extremely concerned about further delays in the re-occupancy of the development.  As you know, a sustained lack of rental income and the cessation of routine maintenance will  eventually contribute to the wasting of an affordable housing asset like Park Plaza.   We need to get the residents back home.  I don't know how to say it more clearly.

*Joe Crisafulli*
*Asset Management Division Director*
*Boston*
Thomas P. O'Neill Jr. Federal Building
Room 301
10 Causeway Street
Boston, MA 02222-1092
Phone:  617-994-8582
e-mail:  Joe.Crisafulli@HUD.gov



Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 69 of 121 PageID #: 71

# EXHIBIT 7

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :
                                   :
v.                                 :          Citation No.:  18107111820
                                   :
STAY AWAY FROM THE CANS, LLC       :

**EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

NOW COME the Tenants of 20 Park Street, Johnston, RI (hereinafter the "Tenants") and hereby move this Court on an emergency basis for injunctive relief against Defendant Stay Away From The Cans, LLC regarding remediation at 20 Park Street, Johnston, RI ("Park Plaza"). In support of this Motion, the Tenants aver as follows:

1. Defendant Stay Away From the Cans, LLC ("SAFC"), is the owner of Park Plaza.

2. The Tenants are the residents of Park Plaza as previously identified in Exhibit A to Tenants' Motion to Intervene.

3. As this Court is aware, the Tenants' apartments at Park Plaza were infested with mold, suffered severe water damage, and were rendered uninhabitable by a failure to maintain Park Plaza in decent, safe, and sanitary condition with accordance with federal regulations, state and local housing codes, and the HAP contracts with the Tenants.

4. As of the filing of this Emergency Motion, nearly all residents at Park Plaza have suffered their units being made unsafe and unsanitary due to hazardous conditions at Park Plaza.

5. On May 22, 2019, this Court entered an Order providing that if the Tenants' units were in safe and habitable condition they could return to their units.

6. As a result of the actions of the Owners and their agents, Tenants have lost valuable belongings, included but not limited to their beds.

1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 71 of 121 PageID #: 73

7. Numerous attempts to resolve the facilitation of basic necessities with the owner have fallen upon deaf ears.

8. To date, owners have not replaced the beds that were damaged by their actions.

9. Although an insufficient and offensive offer has been made, to date unsafe and uninhabitable conditions still exist.

10. Tenants do not possess the financial means to relocate or to even acquire the bare necessities to occupy the units that they once did.

11. Tenants believe that the Owner is taking advantage of their economic disadvantage to force them into living in unsafe conditions in order to maximize their profits.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

1. That the Order of May 22, 2019, issued by this Court requiring Tenants to relocate back to Park Plaza by May 25, 2019 be **STAYED;**

2. That Defendant SAFC be ordered to provide Tenants with acceptable bedding prior to them being relocated back to Park Plaza;

3. That SAFC be ordered to continue to provide alternative housing for the Tenants until such time that the completed units are furnished with acceptable bedding;

4. Any other relief that this Court deems meet and just.

**PLAINTIFF REQUESTS THIS MOTION BE HEARD ON AN EMERGENCY BASIS ON WEDNESDAY MAY 29, 2019 OR AT THE NEXT AVAILABLE DATE.**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 72 of 121 PageID #: 74

Respectfully submitted,
THE TENANTS OF PARK PLAZA,
By their Attorneys,

  /s/ Daniel Calabro, Jr.
Daniel Calabro, Jr., Esq.
Law Office of Daniel Calabro, Jr.
6145 Post Road
North Kingstown, RI 02852
T: (401) 203-0473
F: (888) 461-1955
CalabroLaw@gmail.com

Artin Coloian, Esq.
Coloian Law
127 Dorrance Street, LL
Providence, RI 02903
T: (401) 861-9400

Sean R. Doherty, Esq.
Law Office of Sean R. Doherty
6145 Post Road, Unit 6
North Kingstown, RI 02852
T: (401) 203-0472
SRD@OceanStateLaw.com

## **CERTIFICATION**

I hereby certify a true copy of the above-Motion was served upon all parties currently involved in the above-referenced matter this 24th day of May, 2019:

  /s/ Daniel Calabro

3

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# EXHIBIT 8

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 74 of 121 PageID #: 76

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON,                    :
           Plaintiff                 :
                                  :
v.                                  :    C.A. No. 18107111820
                                    :
STAY AWAY FROM THE CANS, LLC, :
           Defendant                :

**OBJECTION TO TENANTS' MAY 24, 2019
EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Respondent STAY AWAY FROM THE CANS, LLC ("Cans") objects to the

Tenants' May 24, 2019 Emergency Motion for Injunctive Relief, for at least five reasons.

First, this Court's order on May 22, 2019 terminated Cans' obligation to pay for

the tenants' hotel rooms as of May 25, with one condition – that Cans obtain a direct

clarification from HUD that certificates of occupancy were not required.  That condition

was met yesterday, and the HUD email to that effect was filed with the Court.

Second, since the citation for violation of the Johnston housing code has now

been corrected to the satisfaction of the Town Building Official, this Court plainly has

no jurisdiction to get involved in overseeing the Tenants' claims for loss of personal

property.  That is one of the claims the tenants are pursuing in the Superior Court.

Third, most of the defendants in the Superior Court action are not even before

this Court.  This Court cannot simply declare that Cans is at fault for the water and

mold issues and that it alone must pay all of the property damage claims, even though

they have not even been adjudicated.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 75 of 121 PageID #: 77

Fourth, there is plainly no private cause of action for individuals to assert property damage claims under the Johnston building code.

Fifth, although the tenants are claiming an emergency exists because they do not have beds, they expressly rejected as "insulting" an offer from Cans a week ago to purchase new beds for every returning tenant. Thus, they have only themselves to blame for creating today's "emergency".

In the words of Joseph Crisafulli in his email yesterday: "We need to get the residents back home. I don't know how to say it more clearly."

**STAY AWAY FROM THE CANS, LLC**

By its Attorneys,

Robert Clark Corrente (#2632)
Whelan Corrente & Flanders LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel. (401) 270-4500
Fax (401) 270-3760
rcorrente@whelancorrente.com

Dated: May 24, 2019

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 76 of 121 PageID #: 78

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I served a copy of this document by e-mail on the following parties:

Chief Judge Jacqueline Grasso (jgrasso@grassolaw.net)
Daniel Calabro, Esq. (calabrolaw@gmail.com)
Artin Coloian, Esq. (coloianlaw@gmail.com)
Sean Doherty, Esq. (calabrolaw@gmail.com)
Joseph Ballirano (justicebal@verizon.net)
Mark Nugent, Esq. (MNugent@morrisonmahoney.com)

*Lisa A. Lariviere*

39000.DOCX

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 77 of 121 PageID #: 79

# EXHIBIT 9

STATE OF RHODE ISLAND
JOHNSTON MUNICIPAL COURT

TOWN OF JOHNSTON                    :

v.                                 :                    Citation No.:  18107111820

STAY AWAY FROM THE CANS, LLC       :

## ORDER

    This matter was before the Court on May 22, 2019.  For the reasons stated on the record and as the Tenants have recently filed an Emergency Motion with the Court, it is hereby Ordered, adjudged and decreed that:

1. The moving/relocation portion of the May 22, 2019 order shall be STAYED.  Defendants shall provide for hotel room for the affected tenants until Wednesday, May 29, 2019 until further hearing on this matter.

Entered as an Order of this Honorable Court on May 24, 2019.

PER ORDER

_____
Chief Justice

ENTERED

_____
Clerk

1

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 79 of 121 PageID #: 81

# EXHIBIT 10

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 80 of 121 PageID #: 82

RHODE ISLAND
STATE BUILDING CODE

SBC-6   STATE PROPERTY MAINTAINENCE CODE



<u>Replaces SBC-6-2010</u>
**Effective July 1, 2013**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**Department of Administration**
**BUILDING CODE STANDARDS COMMITTEE**
**One Capitol Hill**
**Providence, Rhode Island 02908-5859**
**<u>www.ribcc.ri.gov</u>**
**(401) 222-3033**
**FAX NO (401) 222-2599**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 81 of 121 PageID #: 83

RI State Property Maintenance Code
Regulation SBC-6
July 1, 2013

The Building Code Standards Committee, in accordance with the rule making authority of Title 23, Chapter 23-27.3, Section 109.1, paragraphs a through c inclusive, has formally adopted and promulgated as the Rhode Island State Building Code, the provisions of the International Property Maintenance Code, 2012 edition, as published by the International Code Council, Inc. (I.C.C.), together with amendments thereto hereinafter set forth to the articles and sections of this code:

The provisions of Title 23, Chapter 27.3 of the General Laws of Rhode Island establishing administration and enforcement are hereby incorporated by reference. Regulatory Administration Chapter 1 immediately follows and is supplemental to the General Laws.

*Editorial Note: Code users please note:*
*When purchasing or using the IPMC 2012 code, please take note of the particular printing edition. Errata to that printing edition is available on-line directly at no charge at http://www.iccsafe.org/cs/codes/pages/errata.aspx or call the office of the State Building Code Commissioner at 401-222-3033 for further information.*

*Printed copies of the administrative and enforcement provisions of Title 23, Chapter 27.3 are available at the Office of the State Building Code Commission or on-line at http://webserver.rilin.state.ri.us/Statutes/TITLE23/23-27.3/INDEX.HTM .*

*The International Property Maintenance Code, 2012 Edition, is protected by the copyright that has been issued to the ICC. As a result, the State Building Code is not available in complete form to the public in an electronic format. The International Property Maintenance Code 2012 edition that is referred to within is contained in a printed volume and is also in an electronic format that have been published by the ICC under an exclusive license.*

*The Office of the State Building Code Commissioner has purchased volumes of these codes and they shall be distributed to Rhode Island cities and towns during the month of June 2013 so that local officials will have access to the code prior to the implementation of these rules on July 1, 2013.*

*In order to assure public access to this code the Office of the State Building Code Commissioner shall provide a copy of this code to the Rhode Island State Library, which is located on the second floor of the State House. In addition, all codes may be viewed during business hours at the Department of Administration's Library which is located on the fourth floor of the William E. Powers Building, One Capitol Hill, Providence.*

The Legislative Regulation Committee approved adoption of this code on July 1, 2013
By:


John P. Leyden
Executive Secretary
Rhode Island Building Code Standards Committee

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 82 of 121 PageID #: 84

# STATE OF RHODE ISLAND

## BUILDING CODE STANDARDS COMMITTEE

CHAIRMAN

William J. Nash, Jr.
Building Official

VICE CHAIRMAN

Bernard J. Bernard, III
Electrical Inspector

EXECUTIVE COMMITTEE

Michael A. Newman
Master Plumber

James Fink
Electrical Engineer

Doris Aschman
Public Health Official

Bruce Davey, PE
Structural Engineer

Scott Caron
Fire Official

Michael Daley
Builders Trades Council
Peter Scorpio, III
Building Official

Stephen C. Turner, PE
Public Member
Dana Newbrook
Architect

James R. Carlson, RA
Public Member

Fred Sarno
Building Official

G. Thomas Chabot
Electrical Contractor

David F. Palmisciano
Building Trades Council

Randy Collins, Jr., RLA
Landscape Architect

Gordon W. Preiss, PE
Mechanical Engineer

Robert E. DeBlois, Jr.
Builder

Craig Sutton
Builder

Paul DePace, PE
Representative for the Disabled

Russell Brown
Representative for the Disabled

Robert M. Stillings
Architect

John P. Leyden, CBO
State Building Commissioner
Executive Secretary

Wayne Pimental, CBO
Minimum Housing Inspector

Thomas Coffey
Legal Counsel

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 83 of 121 PageID #: 85

## STATE BUILDING CODE REGULATIONS - 2013

The following list includes all regulations promulgated by the State Building Code Standards Committee. All regulations are available for a fee at the State Building Commission.

| 1. | Building Code | SBC-1-2013 |
|---|---|---|
| 2.. | One and Two Family Dwelling Code | SBC-2-2013 |
| 3. | Plumbing Code | SBC-3-2013 |
| 4. | Mechanical Code | SBC-4-2013 |
| 5. | Electrical Code | SBC-5-2011 |
| 6. | Property Maintenance Code | SBC-6-2013 |
| 7. | Reserved | |
| 8. | Energy Conservation Code | SBC-8-2013 |
| 9 | Enforcement and Implementation Procedures for Projects Under the Jurisdiction of The State of Rhode Island | SBC-9 |
| 10. | Code Interpretations | SBC-10 |
| 11. | Certification of Building Officials, Building, Electrical, Plumbing and Mechanical Inspectors | SBC-11-2010 |
| 12. | New Materials and Methods of Construction | SBC-12 |
| 13. | State Building Code for Existing Schools | SBC-13 |
| 14. | Reserved | |
| 15. | Reserved | |
| 16. | Reserved | |
| 17. | Public Buildings Accessibility Meeting Standards | SBC-17 |
| 18. | Native Lumber | SBC-18 |
| 19. | Fuel Gas Code | SBC-19-2013 |
| 20. | The State of Rhode Island Rehabilitation Building and Fire Code for Existing Buildings and Structures | SRC-1-2002 |

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 84 of 121 PageID #: 86

Chapter 1

101.1 Title.
Substitute State of Rhode Island at [Name of Jurisdiction]

**Delete existing section 102.3 and substitute the following**

**[A] 102.3 Application of other codes**
Repairs, additions or alterations to a structure, or changes of occupancy, shall be done in accordance with the procedures and provisions of the Rhode Island State Building Codes SBC-1, Rhode Island One and Two Family Dwelling Code, SBC-3 Rhode Island Plumbing Code SBC-3, Rhode Island Mechanical Code SBC-4,  Rhode Island Electric Code SBC-5, Rhode Island Energy Conservation Code SBC-8, Rhode Island Fuel Gas Code SBC-19, Rhode Island Fire Code, and Nothing in this code shall be construed to cancel, modify or set aside any provision of the a locally adopted Zoning Code.  Additionally corrective measures may be eligible for implementation through procedures allowed in The State of Rhode Island Rehabilitation Building and Fire Code for Existing Buildings and Structures SRC-1

Delete Section 111 and Replace with the following

Add the following article 111.0

| | |
|---|---|
| 111.0 | Appeal of Violations |
| 111.1 | Application for reconsideration. |
| 111.1.1 | Any person aggrieved by a notice of the enforcing officer issued in connection with any alleged violation of this chapter or of applicable rules and regulations issued pursuant to it, or by any order requiring repair or demolition pursuant to section  107 may apply to the enforcing officer for a reconsideration of the notice or order within ten (10) days after it has been issued. |
| 111.1.2 | The enforcing officer shall set a time and place for an informal conference on the matter within ten (10) days of the receipt of the application, and advise the applicant of the time and place in writing. |
| 111.1.3 | At the informal conference, the applicant is permitted to present his or her grounds for believing that the order should be revoked or modified to one or more representatives of the enforcing officer. |
| 111.1.4 | Within ten (10) days following the close of the informal conference, the enforcing officer shall advise the applicant whether or not he or she will modify or set aside the notice or order issued by the enforcing officer. |
| 111.2 | Hearings. |
| 111.2.1 | Any person aggrieved by a notice of the enforcing officer issued in connection with any alleged violation of the provisions of this chapter or of any applicable rules and regulations pursuant to it, or by any order requiring repair or demolition pursuant to |

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

2-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 85 of 121 PageID #: 87

section 107, may file with the housing board of review a petition stating that person's reasons for contesting the notice or order.

111.2.2    The petition shall be filed within ten (10) days after the notice or order is served on the petitioner in the manner prescribed by 107.3.

111.2.3    Upon receipt of a valid petition, the housing board of review shall either grant or deny the hearing requested, and advise the petitioner of its decision, in writing, within ten (10) days of the day on which his or her petition was received.

111.2.4    Hearing Notice
When the housing board of review determines to hold a hearing, it shall serve the petitioner with notice of its decision in the manner provided for service of notice in 107.3. The notice shall be served within ten (10) days of the receipt of the petition.

111.2.5    Hearing Procedure
At the hearing, the petitioner shall be given an opportunity to show cause why the notice or order should be modified or withdrawn, or why the period of time permitted for compliance should be extended.

111.2.6    Board Actions
The housing board of review has the power to affirm, modify, or revoke the notice or order, and may grant an extension of time, for the performance of any act required, of not more than three (3) additional months where the housing board of review finds that there is practical difficulty or undue hardship connected with the performance of any act required by the provisions of this chapter or by applicable rules and regulations issued pursuant to it; or that strict adherence to these provisions would be arbitrary in the case at hand; that extension would not provide an appropriate remedy in the case at hand; and that a variance is in harmony with the general purpose of this chapter to secure the public health, safety, and welfare.

111.3    Emergencies
111.3.1    Whenever, in the judgment of the enforcing officer, an emergency exists which requires immediate action to protect the public health, safety, or welfare, notice of violation may be issued, directing the owner, occupant, operator, or agent to take action that is appropriate to correct or abate the emergency.

111.3.2    The owner, occupant, operator, or agent may petition for a code enforcement hearing, but the hearing shall in no case stay the abatement of correction of the emergency.

111.3.3    Every owner of a dwelling or multiple dwelling unit is responsible for maintaining all surfaces covered by lead-based substances in an appropriate manner as to insure no unsafe conditions exist.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

2-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 86 of 121 PageID #: 88

111.3.4      It is unlawful for any owner, operator, or agent to evict occupants from a dwelling or dwelling unit without just cause during conferences, hearings, appeals, or when served with a notice of violation.

111.3.5      To expedite correction or abatement of emergency violations the following time intervals hold:

111.3.5.1    A notice of violation provides a time period not to exceed ten (10) days for the correction of any violation. The person served with the notice of violation has a time period not to exceed five (5) days to petition for an informal hearing with the local code enforcement agency, which will be held within five (5) days.

111.3.5.2    Second notice of violation. A second notice of violation provides a time period not to exceed five (5) days for the correction of any violation.

111.4        Court proceedings.

111.4.1      The district court, upon due proceedings instituted in the name of any of the several cities or towns, has power to proceed according to equity:

111.4.1.1    To restrain, prevent, enjoin, abate, or correct a violation; or

111.4.1.2    To order the repair, vacation, or demolition of any dwelling existing in violation of the provisions of this chapter or to otherwise compel compliance with all of the provisions of this chapter or corporate unit ordinances adopted pursuant to the authority of this chapter.

111.4.1.3    When, under the provisions of this chapter or of any ordinance passed pursuant to the authority or this chapter, any work is done or material furnished by any enforcing officer or by his or her order at the expense of the owner or other persons interested, the value of the work and material may be recovered in an action brought against the owner or other interested person or persons, and if any work or materials been done or furnished at the cost of the corporate unit, the enforcing officer shall cause the action to be brought in the name of the corporate unit. Upon the entry of any case or proceeding brought under the provisions of this chapter, the court shall, at the request of either party, advance the case so that it may be heard and determined with as little delay as possible.

111.4.2      The court shall extend priority to the scheduling of emergency cases.

111.5        Filing fees; judicial review. All proceedings instituted in the names of the several cities and towns are exempt from the payment of the district court filing fees. Any person or persons jointly or severally aggrieved by the final judgment, decision, or order of the district court may seek review by the supreme court in accordance with § 8-8-3.2(b).

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 87 of 121 PageID #: 89

In Section 112.4 Failure to Comply enter the following in [AMOUNT]; [AMOUNT]

OR

Delete section 112.4 and substitute the following

[A] 112.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be liable to a fine in accordance with the municipally established violation fee schedule

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

2-CV-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 88 of 121 PageID #: 90

**Chapter 2 Definitions**
**Delete existing section 201.2 and substitute the following**

**201.2 Interchangeability.**
Meaning of certain words. Wherever the words "dwelling", "dwelling unit", "rooming house", "rooming unit", "premises", and "structure" are used in this chapter they shall be construed as though they were followed by the words "or any part thereof". Words used in the singular include the plural, and the plural the singular, the masculine gender includes the feminine, and the feminine the masculine.

Delete existing section 201.3 and substitute the following
**201.3 Terms defined in other codes**
Where terms are not defined in this code and are defined in Rhode Island State Building Codes SBC-1, Rhode Island One and Two Family Dwelling Code, SBC-3 Rhode Island Plumbing Code SBC-3, Rhode Island Mechanical Code SBC-4, Rhode Island Electric Code SBC-5, Rhode Island Energy Conservation Code SBC-8, Rhode Island Fuel Gas Code SBC-19, Rhode Island Fire Code, or in the locally adopted Zoning Code, such terms shall have the meanings ascribed to them as stated in those codes.

**Chapter 2 Definitions Section 202 Add the following definitions**

**Accessory Structure.**
Means a detached structure which is not used or not intended to be used for living or sleeping by human occupants, and which is located on the same premises with a dwelling.

**Appropriate authority**
means the official department, or agency, designated by a local community to administer and enforce these regulations pursuant to the provisions of this chapter.

**Delete existing definition and substitute "Approved"**

**Approved**
Means approved by the local or state authority having administrative authority.

**Add the following definitions**
**Basement**
Means a portion of the building partly underground, but having less than half its clear height below the average grade of the adjoining ground.

**Board**
Means the board established or designated as the housing board of review

**Cellar**
Means the portion of the building partly underground, having half or more than half its clear height below the average grade of the adjoining ground.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

2-CV-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 89 of 121 PageID
#: 91

**Central heating system**
Means a single system supplying heat to one or more dwelling unit(s) or more than one rooming
unit

**Corporate unit**
Means a city or town, as the case may be, delegated with the powers to provide for the
enforcement of this chapter.

**Enforcing officer**
Means the official charged with the administration and enforcement of this chapter, or the
officials authorized representative.

**Guest**
Means any person who shares a dwelling unit in a nonpermanent status for not more than thirty
(30) days. (OR TRANSIENT)

**Household.**
One or more persons living together in a single dwelling unit, with common access to, and
common use of, all living and eating areas and all areas and facilities for the preparation and
storage of food within the dwelling unit. The term "household unit" is synonymous with the term
"dwelling unit" for determining the number of units allowed within any structure on any lot in a
zoning district. An individual household shall consist of any one of the following
　　　(1) A family, which may also include servants and employees living with the family; or
　　　(2) A person or group of unrelated persons living together. The maximum number may
　　　be set by local zoning ordinance, but this maximum shall not be less than three (3).

**Kitchen.**
Means any room containing any or all of the following equipment, or area of a room within three
feet (3') of that equipment: sink, and/or other device for dish washing, stove or other device for
cooking, and refrigerator or other device for cool storage of food.

**Lead-based substances**
Means any paint, plaster, or other building material which contains lead at levels in excess of
acceptable environmental lead levels established by Department of Health Regulations.

**Noxious.**
Means harmful or injurious to health or physical well-being: noxious fumes.

**Nuisance**
Means a use of property or course of conduct that interferes with the legal rights of others by
causing damage, annoyance, or inconvenience.

**Plumbing**
Means and includes all of the following supplied facilities and equipment: gas pipes, gas burning
equipment, waste pipes, garbage disposal units, water closets, sinks, installed dishwashers,
lavatories, bathtubs, shower baths, installed clothes washing machines, catch basins, drains,

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1:22-CV-00041-JJM-LDA     Document 1-1     Filed 01/24/22     Page 90 of 121 PageID #: 92

vents, and any other similar supplied fixtures, together with all connections to water, sewer, septic tank, or gas lines

**Potential hazardous material**
Means any toxic material, including building material containing heavy-metal compounds in concentrations dangerous to the public health as deemed by the department of health of this state. reference and attach as appendix)

**Privacy**
Means the ability of a person or persons to carry out an activity commenced without interruption or interference, either by sight or sound, by unwanted persons.

**Refuse**
Means all putrescible and non-putrescible solids (except body wastes) including garbage, rubbish, ashes, and dead animals.

**Safety**
Means the condition of being free from danger and hazards which may cause accidents or disease.

**Structure**
That which is built or constructed or a portion thereof; and used; unused; or intended to be used for residential, commercial, business, or industrial use or occupancy.

**Supplied**
Means paid for, furnished, provided by, or under the control of the owner or operator.

**Un-vented portable space heater**
Means a non-flue connected, self-contained, self supporting, oil, gas, or solid-fueled heating appliance equipped with an integral reservoir designed to be carried from one room to another.

**Oil**
Means any liquid fuel with a flash point of greater than one hundred degrees (100°) Fahrenheit, including, but not limited to, kerosene.

Chapter 3
General Requirements

Add the following article
303.2.1 Enclosures Public Pools
Enclosures at public pools licensed by the RI Department of Health definitions shall comply with barrier heights as prescribed by those regulations.

Add the following articles after
305.3. Interior Surfaces

305.3.1
Potentially hazardous material on the interior surfaces of any dwelling unit, rooming house, rooming unit, or facility occupied by children is prohibited. The interior surfaces include, but are not limited to, window sills, window frames, doors, door frames, walls, ceilings, stair-rails and spindles, or other appurtenances.

305.3.2
Lead-based substances are prohibited whenever circumstances present a clear and significant health risk to the occupants of the property, as defined by regulations of the department of health.

**305.3.3**
In each instance where there is reason to believe that lead-based substances are present, the enforcing officer shall ascertain whether the lead hazard mitigation standard has been met or confirm whether suspect substances are lead-based by arranging for a lead mitigation inspection that conforms to housing resources commission regulations or arranging for a comprehensive environmental lead inspection which conforms to department of health regulations.

**305.3.4**
In all instances where either compliance with housing resources commission mitigation standards cannot be confirmed by the enforcement officer by review of certification for the same or where substances confirmed to be lead-based by an environmental lead inspection, and there exists a lead exposure hazard, the enforcing officer shall identify necessary lead hazard reductions that must be taken pursuant to either housing resources commission regulations or department of health regulations.

**305.3.5**
In all instances where lead-based substances are identified on a dwelling, a dwelling unit, or premises occupied by a child suffering from "lead poisoning", as defined in the Rhode Island Lead Poisoning Prevention Act, §§ 23-24.6-1 through 23-24.6-26, the enforcing officer shall consider these instances under "emergencies", pursuant to 111.0

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

**Chapter 4**
**Light Ventilation and Occupancy limitations**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

**Chapter 5**
**Plumbing Facilities and Fixture Requirements**

**No Proposed amendments**

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 94 of 121 PageID #: 96

## Chapter 6
## Mechanical and Electrical Requirements

### Delete section 602.3 and Substitute the Following

602.3 Heat supply.
Every owner and operator of any building who rents, leases or lets one or more dwelling units or sleeping units on terms, either expressed or implied, to furnish heat to the occupants thereof shall supply heat during the period from October 1st to May 1st to maintain a minimum temperature of 68°F (20°C) in all habitable rooms, bathrooms and toilet rooms.
Exceptions:
1. When the outdoor temperature is below the winter outdoor design temperature for the locality, maintenance of the minimum room temperature shall not be required provided that the heating system is operating at its full design capacity. The winter outdoor design temperature for the locality shall be as indicated in Appendix D of the International Plumbing Code.
2. In areas where the average monthly temperature is above 30°F (-1°C) a minimum temperature of 65°F (18°C) shall be maintained.

### Delete section 602.4 and Substitute the Following

602.4 Occupiable work spaces.
Indoor occupiable work spaces shall be supplied with heat during the period from October 1st to May 1st to maintain a minimum temperature of 65°F (18°C) during the period the spaces are occupied.
Exceptions:
1. Processing, storage and operation areas that require cooling or special temperature conditions.
2. Areas in which persons are primarily engaged in vigorous physical activities.602.5 Room temperature measurement. The required room temperatures shall be measured 3 feet (914 mm) above the floor near the center of the room and 2 feet (610 mm) inward from the center of each exterior wall

### Add the following article

#### 605.5 Switches
Every habitable room and non-habitable room used for food preparation must have at least one floor or wall type electric convenience outlet for each sixty (60) square feet, or fraction thereof, of floor area, and in no case less than two (2) outlets.
Every water closet compartment, bathroom, and kitchen or kitchenette, laundry room, furnace room, and public hall must contain at least one supplied ceiling, or wall, electric light fixture. Convenient switches or equivalent devices for turning on one light in each room or passageway must be located so as to permit the area ahead to be lighted.

Section 606 Elevators, Escalators, and Dumbwaiters
Delete Elevators, Escalators, and Dumbwaiters in its entirety (606.1 and 606.2) and substitute the following

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

**606.1 Elevators, Escalators, and Dumbwaiters**
Elevators, Escalators, and Dumbwaiters shall be installed, operated and maintained in conformance to the Rhode Island Elevator Code.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Chapter 7
Fire Safety Requirements

**Section 704**
Delete  Section 704 Fire Protection Systems in its entirety and substitute the following

**704 Fire Protection Systems**

[F] 704.1 General.
All systems, devices and equipment to detect a fire, actuate an alarm, or suppress or control a fire or combination thereof shall be maintained in an operable condition at all times in accordance with the  State of Rhode Island Fire Code.

704.2 Carbon Monoxide Detection
All Carbon Monoxide Detection and Alarm Systems shall conform to the requirements of the State of Rhode Island Fire Code.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1:22-CV-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 97 of 121 PageID
#: 99

Chapter 8
Referenced Standards

Delete ICC Referenced Standards in chapter 8 and substitute the following

| ICC | International Code Council 5203 Leesburg Pike, Suite 600 Falls Church, VA 22041 | **VERIFY ALL CROSS REFERENCE ITEMS IN TABLE BELOW** |
|---|---|---|
| Standard reference number | Title | Referenced in code section number |
|  |  |  |
| IBC-12 | International Building Code®. = RI. Building Code RI SBC-1-2013 | 201.3, 302.7.1, 401.3, 702.3, 702.4 |
| IEBC-12 | International Existing Building Code™ = Rhode Island State Rehabilitation Building and Fire Code For Existing Buildings and Structures. SRC-1 2013 | 101.3, 102.3, 201.3 |
| IFC-12 | International Fire Code®= RI State Fire Code. | 201.3, 702.1, 702.2, 704.1, 704.2 |
| IMC-12 | International Mechanical Code®. = RI. Mechanical Code RISBC-4-2013 | 201.3 |
| IPC-12 | International Plumbing Code® = RI Plumbing Code RISBC-3-2013 | 201.3, 505.1, 602.2, 602.3 |
| IZC-12 | International Zoning Code® = RIGL 45-24-27 ~ 45-24-72 "Rhode Island Zoning Enabling Act of 1991". And Local Municipal Zoning Codes so adopted | 102.3, 201.3 |

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# EXHIBIT 11

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 10/29/2022 4:16:54 PM
Envelope: 3454384
Reviewer: Victoria H

View the 2018 Rhode Island General Laws | View Previous Versions of the Rhode Island General Laws

# 2014 Rhode Island General Laws
# Title 45 - Towns and cities
# Chapter 45-24.2 - Minimum Housing Standards
# Section 45-24.2-4 - Establishment of enforcement agencies.

**Universal Citation:** RI Gen L § 45-24.2-4 (2014)

**§ 45-24.2-4 Establishment of enforcement agencies.** — The city and town councils authorized to adopt ordinances relating to minimum standards may further provide for the creation and establishment of divisions, offices, departments, bureaus, and agencies and their respective officers, deputies, and agents as may be required to enforce and administer the powers and duties authorized by this chapter.

History of Section.
(P.L. 1962, ch. 87, § 1.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 9/26/2019 2:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 100 of 121 PageID
#: 102
Section 45-24.2-6 - Court review. :: 2014 Rhode Island General Laws :: US Codes and Statutes :: US Law :: Justia

View the 2018 Rhode Island General Laws | View Previous Versions of the Rhode Island General Laws

# 2014 Rhode Island General Laws
# Title 45 - Towns and cities
# Chapter 45-24.2 - Minimum Housing Standards
# Section 45-24.2-6 - Court review.

**Universal Citation:** RI Gen L § 45-24.2-6 (2014)

**§ 45-24.2-6 Court review.** — Any person, including the enforcing officer, aggrieved by any decision of the board, whether established by § 45-24.3-16 or by any ordinance, rule, or regulation passed pursuant either to this chapter or to any special act governing minimum housing, may appeal a decision to the district court encompassing the area wherein the real estate is located. Appeal shall be made by filing a complaint with the court stating the facts upon which the appeal is based and setting forth the reasons for the appeal. The complaint shall be filed within thirty (30) days after mailing notice of the final decision of the board, and copies of the complaint shall be served upon the board and all other parties of record in the manner prescribed by applicable procedural rules of the district court. A party aggrieved by any judgment of the district court may seek further review by the supreme court in accordance with § 8-8-3.2(b).

History of Section.
(P.L. 1962, ch. 87, § 1; P.L. 1977, ch. 277, § 5; P.L. 1978, ch. 182, § 2.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/25/2019
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 101 of 121 PageID
#: 103
Section 45-24.2-7 - Penalties – District court jurisdiction – Providence housing court – Lead court calendar – Municipal court of the town …

View the 2018 Rhode Island General Laws | View Previous Versions of the Rhode Island General Laws

# 2014 Rhode Island General Laws
# Title 45 - Towns and cities
# Chapter 45-24.2 - Minimum Housing Standards
# Section 45-24.2-7 - Penalties – District court jurisdiction – Providence housing court – Lead court calendar – Municipal court of the town of North Providence – Review by Supreme Court.

**Universal Citation:** RI Gen L § 45-24.2-7 (2014)

**§ 45-24.2-7 Penalties – District court jurisdiction – Providence housing court – Lead court calendar – Municipal court of the town of North Providence – Review by Supreme Court.** – (a) Failure to comply with any ordinance, rule, or regulation passed pursuant either to the authority hereof or to any special act governing minimum housing shall constitute a violation, as defined in § 11-1-2, punishable by a fine of not more than five hundred dollars ($500) for each violation, and each day's failure to comply with any provision shall constitute a separate violation. The district court shall have exclusive original jurisdiction of all violations as provided in § 12-3-1; provided, that in the city of Providence, the Providence housing court shall have jurisdiction to try violations occurring within the city of Providence; provided, further, that in the town of North Providence, the municipal court of the town of North Providence shall have jurisdiction to try violations occurring within the town of North Providence, but only in the event that the city shall by ordinance create a court for the purpose of exercising jurisdiction over

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 1/25/2019
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 102 of 121 PageID
Section 45-24.2-7 - Penalties – District court jurisdiction – Providence housing court – Lead court calendar – Municipal court of the town …
#: 104

minimum housing standards. A party aggrieved by any judgment of the district court imposing a fine pursuant to this section may seek review by the supreme court in accordance with § 12-22-1.1.

(b) The city council of the city of Providence may establish within its housing court a separate calendar within the jurisdiction of the housing court to be known and referred to as the "lead court calendar" for the hearing trial and disposition of actions involving lead within buildings and on premises or property in the city of Providence, including, but not limited to, actions brought pursuant to chapters 23-24.6 ("Lead Poisoning Prevention Act") and/or 42-128.1 ("Lead Hazard Mitigation"). The jurisdiction of the "lead court calendar" of the Providence housing court shall be concurrent with any other court or entity given jurisdiction to hear such matters under the general laws. A justice of the lead court calendar may defer or order a case removed to another court or forum of competent jurisdiction, including, but not limited to, an appropriate administrative agency, if the judge determines that such other court or forum would be a more appropriate court or forum to hear the matter involved.

History of Section.
(P.L. 1962, ch. 87, § 1; P.L. 1977, ch. 277, § 4; P.L. 1978, ch. 182, § 2; P.L. 1986, ch. 547, § 8; P.L. 1995, ch. 17, § 3; P.L. 1996, ch. 214, § 1; P.L. 2011, ch. 89, § 1; P.L. 2011, ch. 135, § 1.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 9/6/2019 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 103 of 121 PageID
Section 45-24.2-8 - Court proceedings. :: 2014 Rhode Island General Laws :: US Codes and Statutes :: US Law :: Justia
#: 105



View the 2018 Rhode Island General Laws | View Previous Versions of the Rhode Island
General Laws

# 2014 Rhode Island General Laws
# Title 45 - Towns and cities
# Chapter 45-24.2 - Minimum Housing Standards
# Section 45-24.2-8 - Court proceedings.

**Universal Citation:** RI Gen L § 45-24.2-8 (2014)

**§ 45-24.2-8 Court proceedings.** — (a) The district court has, upon proceedings
instituted in the name of any of the several cities or towns, power to proceed according to
equity to:

(1) Restrain, prevent, enjoin, abate, or correct a violation; or

(2) Order the repair, vacation, or demolition of any dwelling existing in violation of the
provisions of any ordinance passed or to otherwise compel compliance with all of the
provisions of any ordinance adopted pursuant to the authority of this chapter or any special
act governing minimum housing standards.

(b) When, under the provisions of any ordinance passed pursuant to the authority of this
chapter or any special act, any work is done or material furnished by any enforcing officer
or by the officer's order at the expense of the owner or other persons interested, the value of
that work and material may be recovered in an action brought against the owner or other
interested person or persons, and if any work or materials has been done or furnished at
the cost of the city or town, the enforcing officer shall cause the action to be brought in the
name of the city or town. Upon the entry of any case or proceeding brought under the
provisions of any ordinance passed pursuant to the authority of this chapter or any special
act, the court shall, at the request of either party, advance the case so that it may be heard
and determined with as little delay as possible. All proceedings instituted in the names of
the several cities or towns are exempt from the payment of the district court filing fees. A

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 1/25/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 104 of 121 PageID #: 106

Section 45-24.2-8 - Court proceedings. :: 2014 Rhode Island General Laws :: US Codes and Statutes :: US Law :: Justia

party aggrieved by any judgment of the district court may seek review by the supreme court in accordance with § 8-8-3.2(b).

History of Section.
(P.L. 1962, ch. 87, § 1; P.L. 1977, ch. 277, § 5; P.L. 1978, ch. 182, § 2.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.



View the 2018 Rhode Island General Laws | View Previous Versions of the Rhode Island General Laws

# 2014 Rhode Island General Laws
# Title 45 - Towns and cities
# Chapter 45-24.2 - Minimum Housing Standards
# Section 45-24.2-12 - Moving expenses – Violations.

**Universal Citation:** RI Gen L § 45-24.2-12 (2014)

**§ 45-24.2-12 Moving expenses – Violations.** – (a) If any property owner is cited for minimum housing violations, causing a tenant to vacate the subject property as a result of the property being declared unfit for habitation by the local code enforcement agency vested with the authority, the owner is liable to the tenant for all reasonable moving expenses incurred by the tenant. The owner is not responsible for this expense if it is determined that the owner was not the cause of the violations, and has the right to appeal any citation or declaration in accordance with the provisions of § 45-24.2-5(b).

(b) This section does not apply to any secured party which takes title to the property by enforcement of its interests.

History of Section.
(P.L. 1995, ch. 139, § 1.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 106 of 121 PageID
#: 108

# EXHIBIT 12

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 5/26/2019 2:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 107 of 121 PageID #: 109

Town of Johnston, RI Property Maintenance

# Chapter 261 **Property Maintenance**

[HISTORY: Adopted by the Town Council of the Town of Johnston as indicated in article histories. Amendments noted where applicable.]

**GENERAL REFERENCES**
Fire prevention — See Ch. **172.**
Housing standards — See Ch. **194.**
Littering — See Ch. **207.**
Solid waste — See Ch. **295.**
Storage of tires — See Ch. **313.**
Abandoned vehicles — See Ch. **325.**

## Article I **Brush, Grass and Weeds**

[Adopted 12-10-1979 by Ord. No. 440 as Secs. 12-13 to 12-15 of the 1979 Code]

### § 261-1 **Abatement of noxious weeds, overgrown yards, natural debris and fallen trees.**

[Amended 6-10-1996 by Ord. No. 975; 7-13-1998 by Ord. No. 1034]

**A.** The owner or occupant of any land upon which there is any poisonous ivy, Jamestown or Jimson weed or other poisonous or dangerous weeds shall cause such weeds to be removed within three days after receiving notice so to do from the Building Inspector or his designee.

**B.** The owner or occupant of any land upon which there exists overgrown vegetation that is more than six inches in height as measured from ground level shall cause such overgrown vegetation to be removed within three days after receiving notice so to do from the Building Inspector. "Overgrown vegetation" shall mean grass, weeds, and other ground cover which have been allowed to grow in an uncontrolled manner and are not regularly cared for and maintained.

**C.** The owner or occupant of any land upon which there exists natural debris shall cause such natural debris to be removed within three days after receiving notice so to do from the Building Inspector. "Natural debris" shall mean yard clippings, leaves, branches, or wood. The owner or occupant of any land upon which there exist fallen trees shall cause said fallen trees to be removed within three days after receiving notice to do so from the Building Inspector.

**D.** Whenever the owner or occupant fails to comply with an order to remove weeds, overgrown vegetation, natural debris or fallen trees, and the Town Building Inspector determines that removal of such weeds, overgrown vegetation, natural debris or fallen trees effects the health, safety and welfare of the surrounding neighborhood by eliminating a harbor for rodents, by decreasing dumping and littering, by eliminating fire hazards and by eliminating unsightly and unsanitary debris and by providing for the safe passage of pedestrians along sidewalk areas, the Inspector may order removal of the weeds, overgrown vegetation, natural debris or fallen trees and assess the whole cost incurred for such removal by imposing a lien on the property as provided or authorized by the law for the enforcement of common liens on property. Such lien will be recorded to ensure payment of said costs. The lien will not be removed until the Building Inspector has been fully reimbursed for the execution of the removal of the weeds, overgrown vegetation, natural debris and fallen trees. The owner or occupant will also be subject to a civil penalty of $150 for not complying with the order of removal.

### § 261-2 **Violations and penalties.**

Any person violating the provisions of § 261-1 shall be fined as provided in Chapter 1, General Provisions, Article II.

### § 261-3 **Enforcement.**

It shall be the duty of the Health Officer to enforce the provisions of this article and, in the prosecutions for such violation hereof by the Health Officer, he shall not be required to enter into, recognize or give surety for costs to prosecute the same.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 5/26/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

# Article II Substandard Residential and Commercial Property

[Adopted 11-13-2001 by Ord. No. 2001-20]

## § 261-4 Statutory authority.

The requirements of this article are adopted pursuant to the authority granted by R.I.G.L. § 45-24.2-1 et seq. and are deemed necessary for the health, safety and welfare of the citizens of Johnston.

## § 261-5 Purpose.

The purpose of this article is to promote the public health, safety and morals and for the purpose of making any structure safe, sanitary and fit for human habitation, and to prevent blighted and substandard conditions.

## § 261-6 Maintenance of building exterior.

All exposed surfaces of dwelling units which have been adversely affected by exposure or other causes shall be repaired and coated, treated or sealed so as to protect them from serious deterioration.

## § 261-7 Maintenance of land.

No owner or occupant of any lot shall allow grass or weeds to become overgrown beyond the height of eight inches and no noxious weeds shall be allowed to grow on any portion of the property so as to trespass to any adjacent property. Also, no owner or occupant of any lot shall allow the accumulation of garbage, trash, junk or other debris, or yard waste so that any citizen of the Town shall not be safe from fire, the breeding of rodents, vermin or noxious insects.

## § 261-8 Notice of violation; abatement; penalties.

A.  Upon a finding by the Building Official that property within the Town is in such condition as to be in violation of the requirements of this article, he shall give certified notice thereof to the owner or occupant of such property to comply with the requirements of this article within 14 days after service of such notice. Such notice shall identify the property by address and state the condition thereon found to be in violation of this article.

B.  Upon failure of the owner or occupant of such premises to remedy the conditions existing in violation of the requirements hereof within the 14 days after service of notice, the Building Official may employ reasonable methods to remedy the condition, including employment of agents to cut the grass, trim overgrown trees and/or shrubs, and remove trash, debris, and yard waste. Cleanup costs incurred by the Town shall become a lien against such property to the same extent and character as a real estate tax liens with penalty and interest and with the same right of collection and tax sale as apply to other tax liens.

C.  In addition to the remedies provided in Subsection B hereof, any person who is found in violation of this article shall be subject to prosecution pursuant to R.I.G.L. § 45-24.2- 7.

## § 261-9 Definitions.

When used herein, the following terms shall be defined as follows:

**COMMERCIAL LOT**
A lot of land that is zoned for commercial use with or without a structure.

**DWELLING UNIT**
Any building or structure or part thereof that is used, occupied, or intended to be used or occupied for human habitation whether for residential or business use.

**RESIDENTIAL LOT**
A lot of land that is zoned for residential use with or without a structure.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted 6/26/2019
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA   Document 1-1   Filed 01/24/22   Page 109 of 121 PageID #: 111

Town of Johnston, RI Property Maintenance

## § 261-10 Exemptions.

A. Nothing within this article shall prohibit the use of property for bona fide permitted agricultural purposes, home use composting, or similar uses within zones where such uses are allowed.

B. Areas subject to the Rhode Island Department of Environmental Management's Freshwater Wetlands Act, drainage and conservation easement areas.

C. Any natural wooded areas on individual house lots shall not be subject to this article unless said lot shall have any conditions stated in § 261-7 of this article.

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 110 of 121 PageID #: 112

# EXHIBIT 13

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 111 of 121 PageID #: 115

# Chapter C. The Charter

# Article I. Basic Provisions

# Sec. 1-3. Powers of town.

The town shall have all the powers granted to towns by the Home Rule Amendment and other provisions of the constitution, general laws of this state and special acts applicable to the town together with all such additional powers as hereafter may be granted to the towns by the laws of the state, together with all powers implied in or incident to the powers expressly granted. The town shall have power to sue and be sued, to enact ordinances and pass resolutions, and to make rules and regulations necessary and proper for carrying into execution its powers, and such ordinances may be made enforceable by the imposition of fines, forfeitures and penalties. The town may enter into contracts with the state or any political subdivision thereof for services and the use of facilities. The town may acquire property within or without its corporate limits for town purposes, in fee simple or any lesser interest or estate, by purchase, lease, gift, devise or condemnation within the town for public use, and may hold, manage and control, and may sell, lease, and convey such property as its interests may require. Except as prohibited by the constitution of this state or by laws enacted by the general assembly in conformity with powers reserved to the general assembly by the constitution of this state or as restricted by this Charter, the town shall have and may exercise all municipal powers, functions, rights, privileges and immunities of every name and nature whatsoever. The enumeration of particular powers by this Charter shall not be deemed to be exclusive, and in addition to the powers enumerated herein or implied hereby, or appropriate to the exercise of such powers, it is intended that the town shall have and may exercise all powers which, under the constitution of this state, it would be competent for this Charter specifically to enumerate. All powers of the town shall be exercised in the manner prescribed by this Charter and by state law, or if the manner is not prescribed, then in such manner as may be prescribed by ordinance.

[1]    *Editor's Note: For constitutional provision granting home rule for cities and towns, see R. I. Const., Amend. XIII.*

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 112 of 121 PageID #: 114

# EXHIBIT 14

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

November 26, 2014

# CONSTITUTION OF THE STATE OF RHODE ISLAND & PROVIDENCE PLANTATIONS

**Done in Convention at Providence this fourth day of December, A.D. 1986. Includes all amendments approved as of November 4, 2014.**



**Section 2. Perpetual school fund.** -- The money which now is or which may hereafter be appropriated by law for the establishment of a permanent fund for the support of public schools, shall be securely invested and remain a perpetual fund for that purpose.

**Section 3. Donations.** -- All donations for the support of public schools, or for other purposes of education, which may be received by the general assembly, shall be applied according to the terms prescribed by the donors.

**Section 4. Implementation of article -- Diversion of funds prohibited.** -- The general assembly shall make all necessary provisions by law for carrying this article into effect. It shall not divert said money or fund from the aforesaid uses, nor borrow, appropriate, or use the same, or any part thereof, for any other purpose, under any pretence whatsoever.

**Section 5. Local taxing and borrowing powers.** -- Nothing contained in this article shall be deemed to grant to any city or town the power to levy, assess and collect taxes or to borrow money, except as authorized by the general assembly.

**Section 6. Charter commissions.** -- Every city and town shall have the power to adopt a charter in the following manner: Whenever a petition for the adoption of a charter signed by fifteen percent of the qualified electors of a city, or in a town by fifteen percent, but not less that one hundred in number, of those persons qualified to vote on any proposition to impose a tax or for the expenditure of money shall be filed with the legislative body of any city or town the same shall be referred forthwith to the canvassing authority which shall within ten days after its receipt determine the sufficiency thereof and certify the results to the legislative body of said city or town. Within sixty days thereafter the legislative body of a city shall submit to its qualified electors and the legislative body of a town shall submit to the electors of said town qualified to vote upon a proposition to impose a tax or for the expenditure of money the following question: "Shall a commission be appointed to frame a charter?" and the legislative body of any city or town shall provide by ordinance or resolution, a method for the nomination and election of a charter commission to frame a charter consisting in a city of nine qualified electors and in a town of nine electors of said town qualified to vote upon a proposition to impose a tax or for the expenditure of money, who shall be elected at large without party or political designation and who shall be listed alphabetically on the ballot used for said election. Such ordinance or resolution shall provide for the submission of the question and the election of the charter commission at the same time. Upon approval of the question submitted the nine candidates who individually receive the greater number of votes shall be declared elected and shall constitute the charter commission.

**Section 7. Adoption of charters.** -- Within one year from the date of the election of the commission, the charter framed by the commission shall be

**ARTICLE XIII**

**Home Rule for Cities and Towns**

**Section 1. Intent of article.** -- It is the intention of this article to grant and confirm to the people of every city and town in this state the right of self government in all local matters.

**Section 2. Local legislative powers.** -- Every city and town shall have the power at any time to adopt a charter, amend its charter, enact and amend local laws relating to its property, affairs and government not inconsistent with this Constitution and laws enacted by the general assembly in conformity with the powers reserved to the general assembly.

**Section 3. Local legislative bodies.** -- Notwithstanding anything contained in this article, every city and town shall have a legislative body composed of one or two branches elected by vote of its qualified electors.

**Section 4. Powers of general assembly over cities and towns.** -- The general assembly shall have the power to act in relation to the property, affairs and government of any city or town by general laws which shall apply alike to all cities and towns, but which shall not affect the form of government of any city or town. The general assembly shall also have the power to act in relation to the property, affairs and government of a particular city or town provided that such legislative action shall become effective only upon approval by a majority of the qualified electors of the

submitted to the legislative body of the city or town which body shall provide for publication of said charter and shall provide for the submission of said charter to the electors of a city or town qualified to vote for general state officers at the general election next succeeding thirty days from the date of the submission of the charter by the charter commission. If said charter is approved by a majority of said electors voting thereon, it shall become effective upon the date fixed therein.

*Section 8. Amendments to charters*. -- The legislative body of any city or town may propose amendments to a charter which amendments shall be submitted for approval in the same manner as provided in this article for the adoption of a charter except that the same may be submitted at a special election, and provided further that in the case of a town, amendments concerning a proposition to impose a tax or for the expenditure of money, shall be submitted at a special or regular financial town meeting.

*Section 9. Filing of charter petitions to bicameral legislative bodies*. -- Whenever the legislative body of any city or town consists of more than one branch, a petition for the adoption of a charter as provided in this article may be filed with either branch of said legislative body.

*Section 10. Charter certificates – Signing – Recordation – Deposit – Judicial notice*. -- Duplicate certificates shall be made setting forth the charter adopted and any amendments approved and the same shall be signed by a majority of the canvassing authority; one of such certified copies shall be deposited in the office of the secretary of state and the other, after having been recorded in the records of the city or townshall be deposited among the archives of the said city or town and all courts shall take judicial notice thereof.

*Section 11. Judicial powers unaffected by article*. -- The judicial powers of the state shall not be diminished by the provisions of this article.

## ARTICLE XIV
## Constitutional Amendments and Revisions

*Section 1. Procedure for proposing and approving amendments*. -- The general assembly may propose amendments to the Constitution of the state by a roll call vote of a majority of the members elected to each house. Any amendment thus proposed shall be published in such manner as the general

assembly shall direct, and submitted to the electors at the next general election as provided in the resolution of approval; and, if then approved by a majority of the electors voting thereon, it shall become a part of the Constitution.

*Section 2. Constitutional conventions*. -- The general assembly, by a vote of a majority of the members elected to each house, may at any general election submit the question, "Shall there be a convention to amend or revise the Constitution?" to the qualified electors of the state. If the question be not submitted to the people at some time during any period of ten years, the secretary of state shall submit it at the next general election following said period. Prior to a vote by the qualified electors on the holding of a convention, the general assembly, or the governor if the general assembly fails to act, shall provide for a bi partisan preparatory commission to assemble information on constitutional questions for the electors. If a majority of the electors voting at such election on said question shall vote to hold a convention, the general assembly at its next session shall vote by law for the election of delegates to such convention. The number of delegates shall be equal to the number of members of the house of representatives and shall be apportioned in the same manner as the members of the house of representatives. No revision or amendment of this Constitution agreed upon by such convention shall take effect until the same has been submitted to the electors and approved by a majority of those voting thereon.

## ARTICLE XV
## General Transition

*Section 1. Rights and duties of public bodies unaffected — Continuation of laws, ordinances, regulations and rules*. -- The rights and duties of all public bodies shall remain as if this Constitution had not been adopted with the exception of such changes as are contained in this Constitution. All laws, ordinances, regulations and rules of court not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution.

*Section 2. Validity of bonds, debts, contracts, suits, actions, and rights of actions continued*. -- The validity of all public and private bonds, debts and contracts, and of all suits, actions, and rights of action, shall continue as if no change had taken place.

18

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

Case 1:22-cv-00041-JJM-LDA    Document 1-1    Filed 01/24/22    Page 116 of 121 PageID #: 118

# EXHIBIT 15

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H
Document 1-1    Filed 01/24/22    Page 117 of 121 PageID #: 119

1012    JANUARY SESSION, 1964—CHAPTER 120.

Section 1. Item (30) of section 17-18-11 in chapter 17-18 of the general laws, entitled "Elective meetings," is hereby amended to read as follows:

"17-18-11. Time of closing of polls.—
""""
(30) Scituate polls close at 9 p.m."

Sec. 2. This act shall take effect upon its passage and all acts and parts of acts inconsistent herewith are hereby repealed.

*[margin: Scituate polls close 9 P.M.]*
*[margin: Act effective, when.]*

## CHAPTER 120.

**AN ACT Providing for a Police Court in the Town of Johnston.**

It is enacted by the General Assembly as follows:

Section 1. Police court—Judges.—There is hereby created a police court in the town of Johnston, consisting of as many judges, not exceeding two (2), as shall be elected by concurrent vote of the town council and all the jurisdiction, power and authority of said court shall be vested in any one justice thereof. Any judge elected or appointed to said court shall be required to be a member of the bar of the state of Rhode Island at least four (4) years prior to his appointment and be a qualified elector of the town.

*[margin: § 887 Approved April 30, 1964.]*
*[margin: Town of Johnston police court.]*
*[margin: Qualification of judges.]*

Sec. 2. Seal—Oaths.—The police court shall have a seal which shall contain such words and device as the court shall adopt. The judges and clerk of the police

*[margin: Seal.]*

JANUARY SESSION, 1964—CHAPTER 120.    1013

court shall have power to administer oaths and affirmations.

Sec. 3. Judges—Election—Terms.—The town council shall elect in the month of January in each odd-numbered year as many judges, not exceeding two (2), of the police court and the judge or judges so elected shall hold office until the first day of February in the second year next after his or their election and until his or their successor or successors are elected and qualified.

*[margin: Oaths.]*
*[margin: Judges. Election and term of office.]*

Sec. 4. Vacancies in office of justice.—In case there be a vacancy in the office of a justice, from any cause, the town council shall appoint some person to fill said vacancy for the balance of the unexpired term, and until his successor is elected and qualified.

*[margin: Vacancies how filled.]*

Sec. 5. Clerk—Appointment—Term.—The judge or judges elected by the town council in the month of January in each odd-numbered year, as soon after his or their election, shall appoint a clerk of the police court. The person so appointed shall hold office until the first day of February in the second year next after his appointment and until his successor is appointed and qualified. The clerk shall be a qualified elector of the town but he shall not be required to be a member of the bar of the state of Rhode Island.

*[margin: Clerk of police or appointment and term of office.]*

Sec. 6. Vacancies in office of clerk.—In case of a vacancy in the office of clerk, from any cause, the judge or judges of the police court, as the case may be, shall appoint some person to fill such vacancy for the bal-

*[margin: Same; Vacancies how filled.]*

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1014   JANUARY SESSION, 1964—CHAPTER 120.

ance of the unexpired term and until his successor is appointed and qualified.

**Sec. 7. Authority in absence of judge.**—In case of the sickness, absence from the town or other disability or ineligibility of the justices of the police court, the clerk of the police court shall have all the powers and duties of a justice of said court, and said clerk shall certify upon the records of said court the days and dates upon which, and the occasion for which the duties of the justice are performed by said clerk. In the absence or disability of the clerk of said court, or during such time as said clerk may be acting as justice of said court, the deputy clerk of said court shall have all the powers and duties of the clerk of said court.

**Sec. 8. Appointment of deputies.**—The clerk of the police court, with the approval of the justices of the police court, may appoint one or more deputy clerks who, being sworn, shall hold office until removal by said clerk or by the justices thereof. Said deputy clerks shall discharge all the duties of the clerk until removed by the clerk or the court. The clerk shall fix the compensation of his deputies within the amount appropriated therefor, and shall be liable for his misconduct or neglect of duty.

**Sec. 9. Employment of clerical assistance by clerk.**—The clerk of the police court, with the approval of the justices thereof, is hereby authorized and empowered to employ such clerical assistants in addition to said deputy clerks, as he may require in his office in copying, recording, indexing and attending upon the files of said court.

*[margin: Authority of clerk in absence of judge.]*
*[margin: Same: Deputy clerk.]*
*[margin: Deputy clerks: Appointment.]*
*[margin: Compensation.]*
*[margin: Clerical assistance.]*

JANUARY SESSION, 1964—CHAPTER 120.   1015

**Sec. 10. Sessions—Time—Place.**—The police court shall be considered to be in session at all times, and at such place or places in said town as the said court or the justice holding the same shall appoint.

**Sec. 11. Jurisdiction.**—The police court shall have original jurisdiction of all offenses against the ordinances, by-laws, rules and regulations of the freemen of the town of Johnston, of the town council of said town, where the fine, penalty, pecuniary forfeiture, forfeiture of personal property, punishment or imprisonment, for any one offense shall not exceed two hundred dollars ($200) and six (6) months imprisonment, or two hundred dollars ($200) in value. The proceedings in all cases in said court, except as provided in section 18 hereof, shall be commenced by complaint and warrant, and all said fines, penalties, pecuniary forfeitures, forfeitures of personal property, punishments and imprisonments may be prosecuted for, recovered and imposed on complaint and warrant before said court, and on appeal therefrom before any proper court in any appellate proceedings.

**Sec. 12. Docket of cases.**—The clerk of said court shall keep a regular docket of all cases therein, including a record of all cases disposed of under section 18 hereof, shall record the judgments, orders and sentences of said court and shall furnish certified copies thereof when required, for which copies said clerk shall charge the same fees as are by law allowed to clerks of the superior court. He shall keep his office open to the public during such hours as the court shall determine.

*[margin: Sessions of court.]*
*[margin: Jurisdiction. Police court.]*
*[margin: Docket of cases.]*

Sec. 13. **Witnesses—Attendance—Subpoenas.**—Said court shall have power to issue writs of summons for witnesses, and compel their attendance, and to punish for contempt by a fine not exceeding twenty ($20) dollars, or by imprisonment not exceeding ten (10) days. Said court may also issue writs of habeas corpus ad testificandum, and may commit to the state adult correctional institution or to the state training school for boys at Howard in Cranston, and, upon continuance of any complaint or proceeding before it, may take recognizance to the state, with surety or sureties in such sum as said court shall think proper with condition to appear before said court and make further answer to such complaint or proceeding, and in the meantime to keep the peace; and in want thereof may commit to the said state adult correctional institution or state training school for boys, until such recognizance shall be given or the parties be lawfully discharged therefrom.

Sec. 14. **Complaints, warrants, writs.**—It shall be lawful for any justice of said court so to prescribe and vary the form of all complaints, warrants, writs or other process, as to make the same consistent with the organization, style and jurisdiction of said court; and such complaints, warrants, writs and other process shall have the same effect, validity and extent, and be served, obeyed, enforced and returned, in the same manner and by the same officers, as if issued from the district courts; and they may also be served by any constables of said town who are authorized to serve process in civil or criminal cases.

Sec. 15. **Appeal.**—Every person aggrieved by any sentence of said police court may appeal from such

sentence to the superior court in and for Providence county, in the same manner and with the same procedure, and such appeal shall be disposed of in said superior court in like manner as is prescribed in the case of appeals in criminal cases from the sentence of any district court.

Sec. 16. **Costs.**—Costs taxed by the said police court shall be the same as those taxed by district courts, and the payment of the costs shall be a part of the sentence to the extent they would be in the district court.

Sec. 17. **Appeal costs.** — All moneys derived from such appeals, whether for fine and costs, or otherwise, including costs imposed in said police court on such appealed cases shall be paid over and disposed of in like manner as moneys obtained in cases of appeal from district courts to said superior courts in criminal cases are paid over and disposed of.

Sec. 18. **Parking ticket violations—Payment of fine.** —A person charged with a violation of any rule, regulation, resolution or ordinance relating to stopping, standing and parking of vehicles and notified in writing by a police officer to appear on a day and hour stated in such notice to answer such charge before the police court, instead of personally appearing in court, may in person or by one duly authorized by him in writing appear before the clerk of said court, admit the truth of said charge and pay to said clerk such fine as the town council shall from time to time by resolution or ordinance establish as a fixed penalty for such violation. Appearance, admission and payment shall be made at the office of said clerk during the office

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1018    JANUARY SESSION, 1964—CHAPTER 120.

hours of said clerk within seven (7) days of such no-
tification, and failure to appear within said time shall
be deemed a waiver of the right to dispose of such
charge without personal appearance in court. The pay-
ment of the fine to the clerk in the manner herein pro-
vided shall operate as a final disposition of such charge
and such proceedings shall not be deemed criminal.
The notice above provided shall indicate the offense
charged and shall also contain such information as will
enable the person charged to take advantage of the
provisions of this clause. The right to dispose of such
a charge without personal appearance in court may
not be exercised by any person who in any consecutive
period of twelve months next preceding such charge,
has been three times in the aggregate adjudged guilty
by said court of any violation relating to stopping,
standing, and parking of vehicles or has admitted the
truth of charges made against him, under the provi-
sions of this clause.

Sec. 19. Traffic violations—Power of town council.—
The town council shall have exclusive power to pro-
vide for the punishment of any person violating any
rule, regulation, resolution or ordinance relating to
stopping, standing and parking of vehicles by a fine
of not less than one ($1.00) dollar, nor more than twen-
ty ($20.00) dollars, and for the punishment of any per-
son committing any other traffic offense with the jur-
isdiction of the police court by penalties not to exceed
those authorized by this act.

Sec. 20. Effect of town charter.—The provisions of
the town charter shall apply to the police court of the

JANUARY SESSION, 1964—CHAPTER 120.    1019

town and to the functions within the jurisdiction of the
court to the extent that such provisions are consistent
with this act. To the extent that such provisions are
inconsistent with this act, the provisions of this act
shall control, notwithstanding any legislative valida-
tion of the town charter. Without limiting the gener-
ality of the foregoing, the following rules shall apply:

(a) The affairs of the police court shall not be sub-
ject to supervision by the town administrator. Clauses
(1), (3), and (4) of section IV-6 of the town charter
shall not apply.

(b) The police court may act with respect to the
compensation, classification and personnel policies ap-
plicable to its subordinates, but no such action shall
be taken which is inconsistent with any applicable pro-
ceedings of the town council. Clause (7) of section
III-8 and article XVI of the town charter shall apply.

(c) Clause (3) (relating to terms of office) of sec-
tion XIX-4 of the town charter shall not apply to the
police court.

Sec. 21. Severability.—If any of the provisions of
this act or their application to any particular circum-
stances should be held invalid, the remaining provi-
sions or the application of the provisions to other cir-
cumstances shall not be affected thereby.

Sec. 22. Referendum.—The question of the approval
of this act shall be submitted to the electors of the
town of Johnston qualified to vote upon a proposition
to impose a tax or for the expenditure of money at a
general election to be held November 8, 1964. The ques-

Case Number: PC-2019-5993
Filed in Providence/Bristol County Superior Court
Submitted: 1/20/2022 4:10 PM
Envelope: 3454384
Reviewer: Victoria H

1021   JANUARY SESSION, 1964—CHAPTER 121.

filings; and provided, further, that all records of the eighth district court relating to matters heretofore within the jurisdiction of the said district court shall be transferred to the clerk of the police court to be maintained and administered as the police court shall by rule determine; and provided, further, that forthwith upon the approval of this act by the qualified electors of the town of Johnston as provided in section 22 hereof, the town council shall appoint as many judges of the police court, not exceeding two (2) to serve until February 1, 1965 and until his or their successor or successors are elected and qualified; and provided, further, that forthwith upon the appointment of such judge or judges, said judge or judges shall appoint a clerk of said police court who shall hold office until February 1, 1965 and until his successor is appointed and qualified.

CHAPTER 121.

AN ACT in Amendment of Subsections (1), (14), (15) & (16) of Section 28-39.2 in Chapter 28-39 of the General Laws, Entitled "Rhode Island Temporary Disability Insurance — General Provisions", as Amended, and in Addition to Section 28-41.2 in Chapter 28-41 of the General Laws, Entitled "Temporary Disability Insurance—Benefits", as Amended.

It is enacted by the General Assembly as follows:

Section 1. Subsections (1), (14), (15) and (16) of section 28-39.2 in chapter 28-39 of the general laws,

---

1020   JANUARY SESSION, 1964—CHAPTER 120.

tion to be voted upon shall be submitted in substantially the following form: "Shall an act passed at the January 1964 session of the general assembly, entitled, 'An act providing for a police court in the town of Johnston' be approved?" The local board, as defined in section 17-1.2 of the general laws, shall forthwith after the election notify the secretary of state of the result of the vote upon the question submitted. The election shall be held in conformity with the election laws of the state.

Act effective, when.

Sec. 23. Effective date.—This section and section 22 of this act shall take effect upon the passage of this act and the remainder of this act shall take effect upon the approval of this act by a majority of those voting on the question at the election prescribed by section 22 hereof. Section 20 hereof shall become effective when the town of Johnston home rule charter becomes generally effective. All acts and parts of acts inconsistent with any section of this act shall stand repealed upon the effective date of the inconsistent section of this act; provided, that all acts, proceedings and processes, civil and criminal heretofore existing and pending before the eighth district court prior to the passage of this act, shall be heard and determined by that court until the actual transfer of the functions herein established and upon the establishment of the police court, and thereafter, those actions, proceedings and processes, of the dates when the acts giving rise to said actions, civil and criminal, (and in criminal cases irrespective proceedings and processes shall have been committed) pending and undetermined shall be heard de novo by the police court without the necessity of any further

Pending matters in eighth district court.