## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STAY AWAY FROM THE CANS, LLC, Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | C.A. No. 1:22-cv-00041-JJM-LDA |
| TOWN OF JOHNSTON and JOSEPH CHIODO, in his official capacity as Finance Director for the Town of Johnston, Defendants. | ) ) ) ) ) ) ) | |

### MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge

Before this Court is Plaintiff's Motion for Partial Summary Judgment on certain issues and claims, and Defendants' Motion for Summary Judgment on all claims. Stay Away from the Cans, LLC ("Stay Away") alleges that the Town of Johnston violated its constitutional rights by adopting the Rhode Island Property Maintenance Code ("RIPMC") as a town ordinance and enforcing it through the Johnston Municipal Court ("JMC"), which purportedly lacked subject matter jurisdiction. The Town of Johnston ("Town") denies these allegations and has cross-moved for summary judgment in its favor on all claims. For the following reasons, this Court GRANTS the Town's motion as to the constitutional issues, DENIES Stay Away's motion as to the same, and remands all remaining issues to state court.

## I.    BACKGROUND

This case arises out of a property maintenance dispute. Stay Away owns Park Plaza, a 62-unit federally-subsidized rental complex that was cited in June 2018 for a leaking windows, a roof leak, and mold and water damage. ECF No. 26 at 1; ECF No. 26-1 (Exhibit 1). The Town's Building Official issued a Violation Notice and filed a proceeding in the JMC to address alleged violations of the RIPMC. ECF No 26 at 1-2. Between July 2018 and May 2019, the JMC repeatedly ordered Stay Away to relocate the tenants, conduct mold testing, and perform remediation and reconstruction work. *Id.* at 2-5. The JMC found that the violations constituted "prima facie health, safety, and welfare issues" and Stay Away was eventually fined the maximum fine of $500 per day and held in contempt of court. ECF 26-3 (Exhibit 3). The work was completed, and in May 2019 the Johnston Building Official certified that the units were mold-free, structurally sound, and cleared for occupancy. *Id.* at 22. The JMC held that the tenants could move back in on May 25, 2019, but the tenants filed an emergency motion seeking replacement of their moldy bedding. The JMC granted the motion pending a hearing. *Id.* at 22-24.

In response, Stay Away filed suit in Rhode Island Superior Court seeking injunctive relief as to this final order and a declaratory judgment indicating that the JMC lacked subject matter jurisdiction to enforce the RIPMC. ECF No. 9 at 83-92 (Verified Complaint). Stay Away amended its complaint to add a claim for damages. ECF No. 12 at 3-15. Judge Stern granted Stay Away's motion for a preliminary injunction in January 2020, finding that, due to the discrepancy between the JMC's

authorizing legislation (which permitted fines up to $200) and the provisions of the RIPMC as adopted by the State Building Code (which permitted fines up to $500), Stay Away was likely to prevail on the issue of whether the JMC lacked subject matter jurisdiction. ECF No. 14 at 5-13. Judge Stern denied the Town's motion for summary judgment in January 2021. ECF No. 25 at 14. Stay Away amended its complaint again in January 2022 to add two § 1983 claims alleging substantive due process violations, citing its right to be free of arbitrary and capricious government conduct and alleging that the Town acted "intentionally and with deliberate indifference" to the constitutional issues at play. ECF No. 16 at 32. Johnston timely removed to federal court in January 2022, and the case has been pending in this court since that time. ECF No. 1. In July 2023, the parties cross-moved for summary judgment. ECF Nos. 25, 27.

Stay Away has raised five claims in its Second Amended Verified Complaint: a § 1983 claim against the Town for enforcing the RIPMC (which, Stay Away contends, was improperly adopted); a § 1983 claim against the JMC for issuing orders without subject matter jurisdiction; a claim requesting injunctive relief as to the JMC's May 2019 order and other orders; a claim for a declaratory judgment seeking clarification of the underlying state law disputes; and a claim for damages (including attorney fees). The Town has moved for summary judgment on all claims, arguing that a purported violation of state law does not amount to a deprivation of substantive due process, that the RIPMC was validly enacted as a local ordinance, that the JMC had subject matter jurisdiction, and that that the Town validly enforced the RIPMC.

ECF No. 27-1 at 10, 19-27. Stay Away has moved for partial summary judgment on several underlying issues, arguing that the JMC's lack of subject matter jurisdiction and Johnston's lack of legal authority to enforce the code renders the Town's conduct "arbitrary, capricious, and outrageous." ECF No. 25 at 2, 16-32. Accordingly, Stay Away has asked this Court to resolve the § 1983 claims as a matter of law in its favor. *Id.* at 32.

## II.    STANDARD OF REVIEW

A party is entitled to summary judgment if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party can show a genuine dispute by citing to materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by showing that the materials cited either do not establish a genuine dispute or are not supported by admissible evidence. *Id.* Summary judgment is mandated against a party who, given adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322.[1] Here there are competing motions, and so this Court will review each motion independently and evaluate each

---

[1] A complete failure of proof of an essential element shows that that there is "no genuine issue as to any material fact" because if one element fails, all other facts are rendered irrelevant; it entitles the moving party to "judgment as a matter of law" because, by definition, the non-moving party cannot carry their burden at trial. *Id.* at 323.

motion "in the light most favorable to the nonmoving party." *Dahua Tech. USA Inc. v. Feng Zhang*, 988 F.3d 531, 539 (1st Cir. 2021) (citations omitted). The summary judgment standard does not change when parties cross-move; rather, each motion is viewed "separately, through this prism." *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010); *Grossman v. Martin*, 566 F. Supp. 3d 136, 142 (D.R.I. 2021).

Because Johnston has properly removed based on the 42 U.S.C. § 1983 claims alleging a violation of substantive due process, we begin our analysis there. To sustain a claim under 42 U.S.C. § 1983, the plaintiff must show that "a person . . . under color of state law, deprives another of rights secured by the Constitution or by federal law." *Harron v. Town of Franklin*, 660 F.3d 531, 535 (1st Cir. 2011) (citing *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) (internal quotation omitted). Stay Away must show that its constitutional rights were violated because of a "policy or custom" of the Town. *Baez v. Town of Brookline, Mass. Brookline Police*, 44 F.4th 79, 82 (1st Circ. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). We start by analyzing the Town's challenge to Stay Away's claims on this issue.

## III. DISCUSSION

### A. Substantive Due Process

The Due Process Clause "was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). The "touchstone of due process is protection of the individual against arbitrary action of government."

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (citation omitted). Executive action may violate due process if it "shocks the conscience."[2] *Lewis*, 523 U.S. at 846 (citing *Rochin v. California*, 342 U.S. 165, 172-173 (1952)).[3] As the First Circuit has repeatedly affirmed, "the conscience-shocking test is now an essential part of any substantive due process claim against a government actor" and requires both that the official's actions "shock the conscience," and that the official "violated a right otherwise protected by the substantive Due Process Clause." *Martínez v. Cui*, 608 F.3d 54, 64-65 (1st Cir. 2010) (citation omitted); *see also Abdisamad v. City of Lewiston*, 960 F.3d 56, 59-60 (1st Cir. 2020). Successful challenges are characterized by "an extreme lack of proportionality . . . with violations of personal rights so severe[,] so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Harron*, 660 F.3d at 536.

---

[2] Stay Away has, by its own admission, styled this as an executive action. ECF No 36 at 19 ("Stay Away Does Not Seek to Recover For An Invalid Legislative Act"). We note, however, that even if the challenged conduct were legislative in nature (i.e. wrongfully passing an ordinance), Stay Away's motion would fail under the rational basis test.

[3] The Supreme Court noted in *County of Sacramento v. Lewis* that this threshold question—aimed at protecting the Constitution from being "demoted to . . . a font of tort law"—precedes the question of what right is protected, how that right is defined, and whether such a right is "deeply rooted in this Nation's history and tradition." *Lewis*, 523 U.S. at 847, n8 (responding to Justice Scalia's objection to a "conscience-shocking" standard in the wake of *Washington v. Glucksberg*). *See id.* at 861-62 (Scalia, J., concurring).

This standard has been cited repeatedly in the First Circuit to uphold local regulatory decisions, even where those decisions are unfair, wrongful, or simply in error. *Id.* at 536 (refusal to issue a liquor license); *Amsden v. Moran*, 904 F.2d 748, 757-58 (1st Cir. 1990) (revocation of land surveyor license); *Mongeau v. City of Marlborough*, 492 F.3d 14, 17-20 (1st Cir. 2007) (denial of a building permit); *Global Tower Assets, LLC v. Town of Rome*, 810 F.3d 77, 90 (1st Cir. 2016) (permit denial). "Our cases make clear that a regulatory board does not transgress constitutional due process requirements merely by making decisions 'for erroneous reasons' or by making 'demands which arguably exceed its authority under the relevant state statutes.'" *Amsden*, 904 F.2d at 757 (citing *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 832 n. 9 (1st Cir. 1982), *cert denied*, 459 U.S. 989 (1982)).[4]  Federal courts have long resisted getting involved in local regulatory disputes except where they are "tainted with fundamental procedural irregularity, racial animus, or the like," because such disputes are "primarily of concern to the state and [do] not implicate the Constitution." *Creative Environments, Inc.*, 680 F.2d at 833. Even a bad faith violation of state law does not amount to a substantive due process violation, and one certainly cannot be maintained where the parties are unaware of the violation. *Amsden*, 904 F.2d at 757 (citing *Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 43 (1st Cir. 1987) (addressing this principal in the context of

---

[4] The Supreme Court has held that in a judicial context, "[w]e cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Gryger v. Burke*, 334 U.S. 728, 731 (holding that a sentencing court did not err in purportedly misconstruing a statute).

procedural due process)).   The standard is not "arbitrary and capricious."   The standard is "shocks the conscience." *Mongeau*, 492 F.3d at 17.

Stay Away has wholly failed to meet this standard.  Assuming that there is a violation of state law, Stay Away has provided no facts at all that suggest that the Town's action, in using the court system to enforce the RIPMC, amounts to "conscience-shocking" conduct.  There is no hint of "malice or sadism," and it is hardly "brutal and inhumane" (let alone disproportionate) for a town to attempt to force a repeat offender to bring an unsafe building up to code.  The issue is not whether Johnston has acted according to a "policy or custom," but whether enforcement of the policy was tainted by "fundamental procedural irregularity, racial animus, or the like."[5]  Stay Away has provided no facts to support this beyond the allegation that it was improper for Johnston and the JMC to attempt to enforce the RIPMC via local ordinance.  As to the issue of the JMC's subject matter jurisdiction, Stay Away indicates that "there is no dispute that the record before the JMC demonstrates that all parties, including the judge, believed there was jurisdiction."  ECF No. 36 at 22 (citing Judge Stern's SJ Decision at 24-26) (internal quotations omitted).  As the First

---

[5] Stay Away argues for procedural irregularity, but its cases are not on point. ECF No. 36 at 17-18.  In *Cine SK8, Inc. v. Town of Henrietta*, the Second Circuit held that a jury could find a violation of substantive due process precisely because there *was* supporting evidence of racial animus, and because the Town failed to provide notice and a hearing.  507 F.3d 778, 787-90 (2d Cir. 2007).  In *Brooklyn Sand & Gravel, LLC v. Town of Brooklyn*, likewise, the court found procedural irregularity based on conflicts of interest and credible evidence that the municipality sought "to end BS&G's business entirely."  No. 3:21-cv-193 (JCH), 2023 U.S. Dist. LEXIS 98951, *25-26 (D. Conn. Jun. 7, 2023).  No similar allegations are made here.

Circuit noted in *Amsden*, there is no substantive due process violation if the parties were simply mistaken about the law. 904 F.2d at 757-58.

Stay Away has thus failed to allege the existence of an essential element of its case. *Celotex Corp.*, 477 U.S. at 322-23. As such, we GRANT the Town's cross-motion for summary judgment on both § 1983 claims and DENY Stay Away's motion on these claims. We do not reach the issue of procedural due process, as Stay Away has not requested relief on these grounds. ECF No. 25 at 32; ECF No. 36 at 11. Because the § 1983 claims are dismissed with prejudice on other grounds, we do not reach the issue of *respondeat superior, Monell* liability, or whether the JMC is a "person" under § 1983. ECF No. 27-1 at 16-18.

### B.    State Law Claims

Turning to Stay Away's state law claims, we decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is discretionary. Under *Gibbs*, it is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)); *see also Desjardins v. Willard*, 777 F.3d 43, 45 (1st Cir. 2015). The First Circuit counsels that where the underlying federal claims are dismissed, a federal court must "reassess its jurisdiction," and "[engage] in a pragmatic and case-specific evaluation," considering "the interests of fairness, judicial economy, convenience, and comity." *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (citation omitted).

9

The balance of factors weighs strongly in favor of declining jurisdiction where federal claims are dismissed early in the litigation, as "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* (citing *Gibbs*, 383 U.S. at 726).

We are not early in the litigation: this case was initially filed in Superior Court in May 2019. However, Stay Away's Second Verified Amended Complaint was not filed until January 2022. Moreover, the underlying issues are legal in nature, dealing with the proper construction of the RIPMC, the State Building Code, various other state statutes, and local authorizing ordinances. These are matters of state law, over which this Court has little expertise and even less business meddling in. As a matter of comity, we decline to exercise supplemental jurisdiction and remand the state law claims for further review in Superior Court.

## IV.    CONCLUSION

For these reasons, this Court GRANTS Defendants' Motion for Summary Judgment on Counts I and II, and Count V to the extent that Plaintiff seeks attorney fees under 42 U.S.C. § 1988. This Court DENIES Plaintiff's Motion for Partial Summary Judgment as to the same. This Court remands the case so that the state court can handle the remaining counts based on state law.

IT IS SO ORDERED,

John J. McConnell, Jr.
Chief Judge
United States District Court


October 20, 2023